UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISABELLE M. MURPHY,<br>DAVID R. MURPHY,<br>LYNN GAY,<br>DAVID M. WAKEFIELD, and<br>JANET WAKEFIELD,<br><br>Individually and on behalf of all others similarly situated,<br>            Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-12651-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT FOR SCHEDULING CONFERENCE**

Pursuant to the Notice of Scheduling Conference dated February 11, 2005, and in accordance with Local Rule 16.1(D), plaintiffs Isabelle M. Murphy, David M. Murphy, Lynn Gay, David M. Wakefield and Janet Wakefield ("Plaintiffs") and defendant Ameriquest Mortgage Company ("Ameriquest") submit the following Joint Statement in connection with the scheduling conference to be held on March 8, 2005.

**I.      Introduction**

On February 16, 2005, Plaintiffs filed the First Amended Complaint Seeking Damages and Equitable Relief Including Injunctive Relief to Prevent Foreclosure (the "Amended Complaint") against Ameriquest. Plaintiffs assert claims for actual and statutory damages and rescission as well as declaratory and injunctive relief. Plaintiffs allege that Ameriquest engaged in a pattern of deceit and misrepresentation to induce Plaintiffs to enter into residential mortgage loan transactions with alleged hidden costs to Plaintiffs and unfair financial benefits to Ameriquest. Plaintiffs further allege that Ameriquest failed to make various disclosures required

BOS-745545 v3

by statute. Plaintiffs' statutory claims arise under Mass. Gen. Laws ch. 93A, the Fair Credit Reporting Act, 15 U.S.C. § 1681m(a), the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d), and the state Truth in Lending Law, M.G.L. c. 140D. Plaintiffs also assert common law claims for breach of contract, unconscionability, intentional misrepresentation, unjust enrichment, and declaratory and injunctive relief. Among other things, Plaintiffs seek to enforce rescission of the transactions.

Ameriquest's response to the Amended Complaint is due to be filed on March 7, 2005. Ameriquest denies any liability with respect to the claims asserted against it.

**II.     Proposed Agenda for Scheduling Conference**

The parties propose that the pre-trial scheduling matters set forth in Section III below be discussed during the scheduling conference. In addition, certain of the Plaintiffs filed a Motion for Preliminary Injunctive Relief to enjoin foreclosure of their residences. The parties agreed upon a form of order temporarily preventing foreclosure and the Court has entered that order, which will expire by its terms on or about the date of the scheduling conference. The parties may also wish to discuss the existing order at the scheduling conference.

In accordance with Local Rule 16.1(C), the parties have already exchanged settlement proposals.

**III.    Parties' Proposed Pre-Trial Schedule**

   **A.     Automatic Disclosures**

As required by Local Rule 26.2(A), the parties will serve their automatic disclosures on or before March 8, 2005.

   **B.     Discovery Limitations**

This action is styled as a putative class action. Ameriquest asserts that Plaintiffs' claims cannot be tried on a class-wide basis.

For reasons of judicial economy and efficiency, the parties propose that discovery be conducted in two phases. Phase I discovery should be directed to the issue of class certification and the merits of the named Plaintiffs' individual claims, including discovery concerning the named Plaintiffs' transactions with Ameriquest, so that the Court may determine as soon as practicable whether this action meets the standards under Rule 23 of the Federal Rules of Civil Procedure for class action treatment.

The parties request that the Court establish a schedule for the briefing of Plaintiffs' motion for class certification, which should be briefed, heard, and decided upon at the completion of Phase I discovery.

Following resolution of the class certification issue, the parties request that a second scheduling conference be held to address what discovery, if any, remains in the second phase of discovery, the timing for completion of Phase II discovery, and any further deadlines for dispositive motions, pre-trial matters and trial. Phase II discovery would be directed at the merits of Plaintiffs' class claims and would only be conducted if the Court certifies a class under Rule 23.

For these reasons, the parties propose the following deadlines for discovery and motions:

- Amendment of pleadings: **May 1, 2005**

- Joinder of any additional parties: **May 1, 2005**

- Initial Disclosures: Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A) will be completed by: **March 8, 2005**

- Deadline for discovery on issues pertaining to class certification and the merits of Plaintiffs' individual claims: **October 31, 2005**

- Deadline for serving a motion for class certification:  **December 15, 2005**

- Deadline for serving an opposition to motion for class certification:  **January 15, 2006**

## IV. <u>Trial By Magistrate</u>

The parties are not prepared at this time to consent to trial by a Magistrate Judge.

## V. <u>Alternate Dispute Resolution</u>

The parties have engaged in discussions concerning settlement and do not believe that Alternate Dispute Resolution will assist them at this time.

## VI. <u>Certifications</u>

The parties will file their Certificates of Compliance with Local Rule 16.1 prior to or at the time of the scheduling conference.

Respectfully Submitted,

PLAINTIFFS ISABELLE and DAVID MURPHY ET AL.

By their attorneys,

/s/ Gary Klein
Gary Klein (BBO #560769)
John Roddy (BBO #424240
Elizabeth Ryan (BBO #549632)
Shennan Kavanaugh (BBO #655174)
Roddy Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02110
617-357-5500 x15
617-357-5030 (fax)
klein@roddykleinryan.com

DEFENDANT AMERIQUEST MORTGAGE COMPANY, INC.,

By its attorneys,

/s/ R. Bruce Allensworth
R. Bruce Allensworth (BBO #015820)
　　ballensworth@klng.com
Phoebe S. Winder (BBO #567103)
　　pwinder@klng.com
Brian M. Forbes (BBO #644787)
　　bforbes@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
617-261-3100
617-261-3175 (fax)

Dated:  March 2, 2005