# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISABELLE M. MURPHY, | ) |
| DAVID R. MURPHY, | ) |
| LYNN GAY, | ) |
| DAVID M. WAKEFIELD, and | ) |
| JANET WAKEFIELD, | ) |
| | ) |
| Individually and on behalf of all others | ) CIVIL ACTION NO. 04-12651-RWZ |
| similarly situated, | ) |
|        Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) |
|        Defendant. | ) |

## ANSWER OF DEFENDANT AMERIQUEST MORTGAGE COMPANY
## TO FIRST AMENDED COMPLAINT SEEKING DAMAGES AND EQUITABLE
## RELIEF INCLUDING INJUNCTIVE RELIEF TO PREVENT FORECLOSURE

Defendant Ameriquest Mortgage Company, ("Ameriquest") by and through its attorneys,

Kirkpatrick & Lockhart Nicholson Graham LLP, hereby answers the First Amended Complaint

Seeking Damages and Equitable Relief Including Injunctive Relief to Prevent Foreclosure

("Complaint") brought by plaintiffs Isabelle M. Murphy, David R. Murphy, Lynn Gay, David M.

Wakefield and Janet Wakefield individually and on behalf of all others similarly situated.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge

or information sufficient to form a belief as to the truth of the allegations of each and every

paragraph of the Complaint.

## I.  PRELIMINARY STATEMENT

1.    The first sentence of Paragraph 1 of the Complaint contains plaintiffs'

characterization of this action to which no response is required.  Ameriquest denies the

remaining allegations set forth in paragraph 1 of the Complaint.

2.    Ameriquest admits that each of the plaintiffs entered into a mortgage loan transaction with Ameriquest, and that the loan made by Ameriquest to each plaintiff was secured by a mortgage, which was, upon information and belief, on each plaintiff's residence. Ameriquest denies the remaining allegations set forth in paragraph 2 of the Complaint.

3.    Ameriquest denies the allegations set forth in paragraph 3 of the Complaint.

4.    Ameriquest denies the allegations set forth in paragraph 4 of the Complaint.

5.    Ameriquest denies the allegations set forth in paragraph 5 of the Complaint.

6.    Paragraph 6 of the Complaint contains plaintiffs' characterization of this action to which no response is required. To the extent that a further response is required, Ameriquest denies that plaintiffs are entitled to the relief sought in the Complaint.

## II. JURISDICTION AND VENUE

7.    Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required.

8.    Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a further response is required, Ameriquest admits that the Court has subject matter jurisdiction over this matter and that venue is proper in this District.

9.    Paragraph 9 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a further response is required, Ameriquest admits that the Court has subject matter jurisdiction over this action.

## III. PARTIES

10.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.    Ameriquest admits the allegations set forth in paragraph 13 of the Complaint.

14.    Paragraph 14 of the Complaint sets forth legal conclusions to which no response is required.  Answering further, Ameriquest admits that it has separate branch locations in Massachusetts, including a branch at 25 Braintree Hill Office Park, Suite 301, Braintree, MA 02184.

15.    Ameriquest admits that it makes residential mortgage loans.  Ameriquest is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.    Ameriquest states that it is in the business of making residential mortgage loans, the terms of which are memorialized in writing and which loans are payable in more than four installments and in connection with which finance charges are imposed.

## IV.  FACTUAL ALLEGATIONS

***Facts Applicable to the Murphys' Loan Transaction***

17.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 17 of the Complaint. Ameriquest, upon information and belief, admits the allegations set forth in the second sentence of paragraph 17 of the Complaint.

18.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.    Ameriquest admits that the Murphys applied to Ameriquest to refinance their loan. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.    Ameriquest admits the Truth in Lending Disclosure Statement speaks for itself as to its content and that it sets forth the initial Annual Percentage Rate as 6.529%, the scheduled monthly payments for the first 24 months as $1,497.92, the scheduled monthly payments for the next 335 months as $1,576.70 and the scheduled monthly payment for the final month of the loan as $1,576.35.  Ameriquest denies the remaining allegations set forth in paragraph 22 of the Complaint.

23.    Ameriquest admits that Exhibit A is an unsigned copy of the Truth in Lending Disclosure Statement provided to and signed by the Murphys in connection with the April 22, 2004 loan.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint.

24.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.    Ameriquest admits that Exhibit B is an unsigned copy of the Settlement Statement provided to and signed by the Murphys in connection with the April 22, 2004 closing.

Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint.

27. Ameriquest admits that Exhibit C is an unsigned copy of the loan note provided to and signed by the Murphys in connection with the April 22, 2004 closing. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.

28. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Ameriquest admits that the loan closing took place on April 22, 2004, and denies the remaining allegations set forth in paragraph 30 of the Complaint.

31. Ameriquest states that the Settlement Statement speaks for itself as to its content. To the extent that a further response is required, Ameriquest admits the allegations set forth in paragraph 31 of the Complaint.

32. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Ameriquest states that the loan document speaks for itself as to its content and sets forth the potential range of adjustment of the loan rate. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint.

35.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

***Facts Applicable to Lynn Gay's Loan Transactions***

38.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.    Ameriquest admits that, on March 14, 2003, Ms. Gay refinanced a mortgage loan with Ameriquest.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40 of the Complaint.

41.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.    Ameriquest admits the Truth in Lending Disclosure Statement speaks for itself as to its contents and that it sets forth the initial Annual Percentage Rate as 9.259%, the scheduled monthly payments for the first 359 months as $2,058.80 and the scheduled monthly payment for the final month of the loan as $2,050.04.  Ameriquest denies the remaining allegations set forth in paragraph 43 of the Complaint.

44.    Ameriquest admits that Exhibit D is an unsigned copy of the Truth in Lending Disclosure Statement provided to and signed by Ms. Gay in connection with the March 14, 2003 closing.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 44 of the Complaint.

45.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.    Ameriquest admits that Exhibit E is an unsigned copy of the Settlement Statement provided to and signed by Ms. Gay in connection with the March 14, 2003 closing.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 47 of the Complaint.

48.    Ameriquest admits that Exhibit F is an unsigned copy of the loan note provided to and signed by Ms. Gay in connection with the March 14, 2003 closing.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 48 of the Complaint.

49.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.    Ameriquest admits that the loan closing took place on March 14, 2003. Ameriquest denies the remaining allegations set forth in paragraph 51 of the Complaint.

52.    Ameriquest states that the Settlement Statement on Line 802 sets forth a loan discount of 3.800% ($9,944.60) to Ameriquest.  Ameriquest denies the remaining allegations set forth in paragraph 52 of the Complaint.

53.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.    Ameriquest states that the loan document speaks for itself as to its content and sets forth the range of adjustment of the loan rate.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 55 of the Complaint.

56.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 56 of the Complaint.

57.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.    Ameriquest admits that Ms. Gay refinanced her home mortgage loan with Ameriquest and that the closing took place on September 2, 2003.

59.    Ameriquest denies the allegations set forth in paragraph 59 of the Complaint.

60.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.    Ameriquest admits the Truth in Lending Disclosure Statement speaks for itself as to its content and that it sets forth the initial Annual Percentage Rate as 9.012%, the scheduled monthly payments for the first 359 months as $2,283.68 and the scheduled monthly payment for

the final month of the loan as $2,272.20. Ameriquest denies the remaining allegations set forth in paragraph 61 of the Complaint.

62.    Ameriquest admits that Exhibit G is an unsigned copy of the Truth in Lending Disclosure Statement provided to and signed by Ms. Gay in connection with the September 2, 2003 loan. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 62 of the Complaint.

63.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.    Ameriquest admits that Exhibit H is an unsigned copy of the Settlement Statement provided to and signed by Ms. Gay in connection with the September 2, 2003 loan. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 65 of the Complaint.

66.    Ameriquest admits that Exhibit I is an unsigned copy of the loan note provided to and signed by Ms. Gay in connection with the September 2, 2003 loan. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 66 of the Complaint.

67.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.    Ameriquest admits that the loan closing took place on September 2, 2003. Ameriquest denies the remaining allegations set forth in paragraph 68 of the Complaint.

69. Ameriquest states that the Settlement Statement on Line 802 sets forth a loan discount of 3.800% ($11,583.00) to Ameriquest. Ameriquest denies the remaining allegations set forth in paragraph 69 of the Complaint.

70. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.

72. Ameriquest states that the loan document speaks for itself as to its content and sets forth the range of adjustment of the loan rate. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 72 of the Complaint.

73. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74. Ameriquest states that the Settlement Statement sets forth that disbursements were made to Ameriquest in the amount of $16,774.61 and $250,000.00 and denies that the Settlement Statement sets forth a disbursement of $150,000.00 to Ameriquest. To the extent that a further response is required, Ameriquest states that the Settlement Statement speaks for itself as to its content and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 74 of the Complaint.

75. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76. Ameriquest denies the allegations set forth in paragraph 76 of the Complaint.

77.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 78 of the Complaint.

79.    Paragraph 79 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 79 of the Complaint.

80.    Paragraph 80 of the Complaint sets forth legal conclusions to which no response is required.  Answering further, Ameriquest admits that it provided Ms. Gay with two copies of the Notice of Right to Cancel, that the notice speaks for itself as to its contents and otherwise denies the remaining allegations set forth in paragraph 80 of the Complaint.

81.    Ameriquest admits that Exhibit J is an unsigned copy of the form of Notice of Right to Cancel provided to and signed by Ms. Gay in connection with the September 2, 2003 loan.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 81 of the Complaint.

82.    Ameriquest denies the allegations set forth in paragraph 82 of the Complaint.

83.    Ameriquest denies the allegations set forth in paragraph 83 of the Complaint.

84.    Ameriquest states that the November 1, 2004 notice of rescission speaks for itself as to its content.  Ameriquest denies the remaining allegations set forth in paragraph 84 of the Complaint.

85.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

86.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of paragraph 86 of the Complaint. Ameriquest denies the allegations set forth in the third sentence of paragraph 86 of the Complaint.

***Facts Applicable to the Wakefields' Loan Transactions***

87.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.    Ameriquest denies the allegations set forth in paragraph 89 of the Complaint.

90.    Ameriquest admits that Exhibit L is an unsigned copy of the Settlement Statement provided to and signed by the Wakefields in connection with the April 17, 2003 loan. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 90 of the Complaint.

91.    Ameriquest admits that Argent is an affiliate of Ameriquest and that the ultimate parent of both is Ameriquest Capital Corporation.  Ameriquest denies the remaining allegations set forth in paragraph 91 of the Complaint.

92.    Ameriquest admits that the Wakefields paid a loan origination fee of 2.00% ($3,825.00) and denies the remaining allegations set forth in paragraph 92 of the Complaint.

93.    Ameriquest admits that the loan was secured by a mortgage on the Wakefield property.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 93 of the Complaint.

94.    Ameriquest denies the allegations set forth in paragraph 94 of the Complaint.

95.     Ameriquest admits the preliminary Truth in Lending Disclosure Statement speaks for itself as to its content and that it sets forth a preliminary estimate of the Annual Percentage Rate as 9.736%, a preliminary estimate of the monthly payments for the first 359 months as $1,809.89 and a preliminary estimate of the monthly payment for the final month of the loan as $1,802.05.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 95 of the Complaint.

96.     Ameriquest admits that Exhibit M is an unsigned copy of the preliminary Truth in Lending Disclosure Statement provided to the Wakefields in connection with the January 15, 2004 closing.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 96 of the Complaint.

97.     Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98.     Ameriquest admits the final Truth in Lending Disclosure Statement speaks for itself as to its content and sets forth the initial Annual Percentage Rate as 12.102%, the scheduled monthly payments for the first 359 months as $2,446.27 and the scheduled monthly payment for the final month of the loan as $2,432.71.  Ameriquest denies the remaining allegations set forth in paragraph 98 of the Complaint.

99.     Ameriquest admits that Exhibit N is an unsigned copy of the final Truth in Lending Disclosure Statement provided to and signed by the Wakefields in connection with the January 15, 2004 closing.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 99 of the Complaint.

100.    Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101.   Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint.

102.   Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint.

103.   Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint.

104.   Ameriquest admits that Exhibit P, without the signature appearing thereon, is a true and correct copy of the unsigned Settlement Statement provided to and signed by the Wakefields in connection with the January 15, 2004 closing.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 104 of the Complaint.

105.   Ameriquest denies the allegations set forth in paragraph 105 of the Complaint.

106.   Ameriquest admits that the loan closing took place on January 15, 2004. Ameriquest denies the remaining allegations set forth in paragraph 106 of the Complaint.

107.   Ameriquest states that the loan document speaks for itself as to its content and sets forth the range of adjustment of the loan rate.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 107 of the Complaint.

108.   Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint.

109.   Ameriquest admits that the Settlement Statement on Line 1501 sets forth a disbursement to Ameriquest of $192,555.96.  Ameriquest denies the remaining allegations set forth in paragraph 109 of the Complaint.

110.   Ameriquest admits that the Wakefields signed closing documents on or about April 2, 2004 and that the Wareham property was mortgaged for the loan.  Ameriquest denies the remaining allegations set forth in paragraph 110 of the Complaint.

111.   Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint.

112.   Ameriquest admits the preliminary Truth in Lending Disclosure Statement speaks for itself as to its content and sets forth a preliminary estimate of the initial Annual Percentage Rate as 8.860%, a preliminary estimate of the monthly payments for the first 359 months as $1,637.96 and a preliminary estimate of the monthly payment for the final month of the loan as $1,623.35.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 112 of the Complaint.

113.   Ameriquest admits that Exhibit R is an unsigned copy of the preliminary Truth in Lending Disclosure Statement provided to the Wakefields in connection with the April 2, 2004 closing.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 113 of the Complaint.

114.   Ameriquest admits the final Truth in Lending Disclosure Statement speaks for itself as to its contents and sets forth the initial Annual Percentage Rate as 8.755%, the scheduled monthly payments for the first 359 months as $1,966.82 and the scheduled monthly payment for the final month of the loan as $1,960.50.  Ameriquest denies the remaining allegations set forth in paragraph 114 of the Complaint.

115.   Ameriquest admits that Exhibit S is an unsigned copy of the final Truth in Lending Disclosure Statement provided to and signed by the Wakefields in connection with the April 2,

2004 closing. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 115 of the Complaint.

116. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Complaint.

117. Ameriquest admits that Exhibit T is an unsigned copy of the Settlement Statement provided to and signed by the Wakefields in connection with the April 2, 2004 closing. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 117 of the Complaint.

118. Ameriquest denies the allegations set forth in paragraph 118 of the Complaint.

119. Ameriquest admits that the loan closing took place on April 2, 2004. Ameriquest denies the remaining allegations set forth in paragraph 119 of the Complaint.

120. Ameriquest states that the Settlement Statement on Line 802 sets forth a loan discount of 3.990% ($10,445.82) to Ameriquest. Ameriquest denies the remaining allegations set forth in paragraph 120 of the Complaint.

121. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Complaint.

122. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Complaint.

123. Ameriquest states that the loan note speaks for itself as to its content and sets forth the range of adjustment of the loan rate. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 123 of the Complaint.

124.  Ameriquest admits that the Settlement Statement on Line 1501 sets forth a disbursement to Ameriquest for $242,057.42.  Ameriquest denies the remaining allegations set forth in paragraph 124 of the Complaint.

125.  Ameriquest admits it sent the Wakefields a Statement of Credit Denial dated April 15, 2004 and that the Statement of Credit Denial speaks for itself as to its content.

126.  Ameriquest admits the allegations set forth in paragraph 126 of the Complaint.

127.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the Complaint.

128.  Ameriquest denies the allegations set forth in paragraph 128 of the Complaint.

129.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the Complaint.

130.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Complaint.

131.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Complaint.

132.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Complaint.

133.  Ameriquest denies the allegations set forth in paragraph 133 of the Complaint.

134.  Ameriquest admits, upon information and belief, that Korde & Associates sent the Deficiency Notice that speaks for itself as to its content.

135.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Complaint.

136.   Paragraph 136 of the Complaint sets forth legal conclusions to which no response is required.

137.   Paragraph 137 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a further response is required, Ameriquest denies the allegations set forth in paragraph 137 of the Complaint.

138.   Ameriquest admits the allegations set forth in paragraph 138 of the Complaint.

139.   Ameriquest admits that Exhibit Z is an unsigned copy of the form of Notice of Right to Cancel provided to and signed by the Wakefields in connection with the April 2, 2004 loan.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 139 of the Complaint.

140.   Ameriquest admits that the referenced documents speak for themselves as to their content and otherwise denies the allegations set forth in paragraph 140 of the Complaint.

141.   Ameriquest denies the allegations set forth in paragraph 141 of the Complaint.

142.   Ameriquest denies the allegations set forth in paragraph 142 of the Complaint.

143.   Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Complaint.

144.   Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Complaint.

145.   Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of paragraph 145 of the Complaint. Ameriquest denies the allegations set forth in the third sentence of paragraph 145 of the Complaint.

*Facts Applicable To All Plaintiffs*

146. Paragraph 146 of the Complaint sets forth legal conclusions to which no response is required. Ameriquest admits that it received a letter dated November 3, 2004 in the form attached as Exhibit BB and denies the remaining allegations set forth in paragraph 146 of the Complaint.

147. Ameriquest denies that it failed to make a reasonable offer of settlement. The remaining allegations set forth conclusions of law to which Ameriquest is not required to respond but, to the extent a further response is required, Ameriquest denies the remaining allegations set forth in paragraph 147 of the Complaint.

## GENERAL ALLEGATIONS

148. Ameriquest denies the allegations set forth in paragraph 148 of the Complaint.

149. Ameriquest denies the allegations set forth in paragraph 149 of the Complaint.

150. Ameriquest denies the allegations set forth in paragraph 150 of the Complaint.

151. Ameriquest denies the allegations set forth in paragraph 151 of the Complaint.

152. Ameriquest denies the allegations set forth in paragraph 152 of the Complaint.

153. Ameriquest denies the allegations set forth in paragraph 153 of the Complaint.

154. Ameriquest denies the allegations set forth in paragraph 154 of the Complaint.

155. Ameriquest denies the allegations set forth in paragraph 155 of the Complaint.

156. Ameriquest denies the allegations set forth in paragraph 156 of the Complaint.

157. Ameriquest denies the allegations set forth in paragraph 157 of the Complaint.

158. Ameriquest denies the allegations set forth in paragraph 158 of the Complaint.

159. Ameriquest denies the allegations set forth in paragraph 159 of the Complaint.

160. Ameriquest denies the allegations set forth in paragraph 160 of the Complaint.

161.  Ameriquest denies the allegations set forth in paragraph 161 of the Complaint.

### V.  CLASS DEFINITIONS AND CLASS ISSUES

162.  Paragraph 162 sets forth plaintiffs' characterization of this action to which no response is required.

163.  Paragraph 163 sets forth plaintiffs' definition of the putative class to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 163 of the Complaint.

164.   Paragraph 164 sets forth plaintiffs' definition of the putative class to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 164 of the Complaint.

165.  Paragraph 165 sets forth plaintiffs' definition of the putative class to which no response is required.  To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 165 of the Complaint.

164.  Ameriquest denies the allegations set forth in paragraph 164 of the Complaint.[1]

164.  Ameriquest denies the allegations set forth in paragraph 164 of the Complaint.

165.  Ameriquest denies the allegations set forth in paragraph 165 of the Complaint.

166.  Ameriquest denies the allegations set forth in the first two sentences of paragraph 166 of the Complaint.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third and fourth sentences of paragraph 166 of the Complaint.

167.  Ameriquest denies the allegations set forth in paragraph 167 of the Complaint.

---

[1] Beginning on page 22 of the Complaint, the numbering falls out of sequence.  In order to avoid confusion, the Answer follows the numbering of plaintiffs' Complaint.  As such, there are three paragraphs numbered 164 and two paragraphs numbered 165.

168.  Ameriquest denies the allegations set forth in paragraph 168 of the Complaint.

## VI.  CAUSES OF ACTION

### COUNT I: VIOLATION OF CHAPTER 93A, ON BEHALF OF ALL NAMED PLAINTIFFS AND BOTH CLASSES

169.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 168 above.

169.  Ameriquest denies the allegations set forth in paragraph 169 of the Complaint.[2]

170.  Ameriquest denies the allegations set forth in paragraph 170 of the Complaint.

171.  Ameriquest denies the allegations set forth in paragraph 171 of the Complaint.

172.  Ameriquest denies the allegations set forth in paragraph 172 of the Complaint.

### COUNT II: CLAIMS FOR UNCONSCIONABILITY AND/OR ILLEGALITY ON BEHALF OF ALL NAMED PLAINTIFFS AND MEMBERS OF CLASS I

173.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 172 above.

174.  Paragraph 174 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest states that the regulations speak for themselves as to their content and otherwise denies the allegations set forth in paragraph 174 of the Complaint.

175.  Paragraph 175 of the Complaint sets forth legal conclusions to which no response is required.

176.  Ameriquest denies the allegations set forth in paragraph 176 of the Complaint.

177.  Ameriquest denies the allegations set forth in paragraph 177 of the Complaint.

---

[2] There are two paragraphs numbered 169.

## COUNT III: BREACH OF CONTRACT ON BEHALF OF ALL NAMED PLAINTIFFS AND MEMBERS OF CLASS I

178.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 177 above.

179.  Ameriquest denies the allegations set forth in paragraph 179 of the Complaint.

180.  Ameriquest denies the allegations set forth in paragraph 180 of the Complaint.

181.  Ameriquest denies the allegations set forth in paragraph 181 of the Complaint.

182.  Ameriquest denies the allegations set forth in paragraph 182 of the Complaint.

183.  Ameriquest denies the allegations set forth in paragraph 183 of the Complaint.

184.  Ameriquest denies the allegations set forth in paragraph 184 of the Complaint.

185.  Ameriquest denies the allegations set forth in paragraph 185 of the Complaint.

## COUNT IV: BREACH OF CONTRACT ON BEHALF OF DAVID AND JANET WAKEFIELD, INDIVIDUALLY

186.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 185 above.

187.  Ameriquest admits the allegations set forth in paragraph 187 of the Complaint.

188.  Ameriquest denies the allegations set forth in paragraph 188 of the Complaint.

189.  Ameriquest admits that the loan documents speak for themselves as to their contents.

190.  Ameriquest admits that the loan note speaks for itself as to its content and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 190 of the Complaint.

191.  Ameriquest admits that it denied Wakefields' application for credit and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 191 of the Complaint.

192.  Ameriquest denies the allegations set forth in paragraph 192 of the Complaint.

193.  Ameriquest denies the allegations set forth in paragraph 193 of the Complaint.

194.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 194 of the Complaint.

195.  Ameriquest denies the allegations set forth in paragraph 195 of the Complaint.

## COUNT V:  INTENTIONAL MISREPRESENTATION ON BEHALF OF ALL NAMED PLAINTIFFS AND MEMBERS OF CLASS I

196.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 195 above.

197.  Ameriquest denies the allegations set forth in paragraph 197 of the Complaint.

198.  Ameriquest denies the allegations set forth in paragraph 198 of the Complaint.

199.  Ameriquest denies the allegations set forth in paragraph 199 of the Complaint.

200.  Ameriquest denies the allegations set forth in paragraph 200 of the Complaint.

201.  Ameriquest denies the allegations set forth in paragraph 201 of the Complaint.

**202.**  Ameriquest denies the allegations set forth in paragraph 202 of the Complaint.

## COUNT VI: UNJUST ENRICHMENT ON BEHALF OF ALL NAMED PLAINTIFFS AND MEMBERS OF CLASS I

203.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 202 above.

204.  Ameriquest denies the allegations set forth in paragraph 204 of the Complaint.

205.  Ameriquest denies the allegations set forth in paragraph 205 of the Complaint.

## COUNT VII: DECLARATORY JUDGMENT ON BEHALF OF ALL NAMED PLAINTIFFS AND MEMBERS OF CLASS I

206.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 205 above.

207.  Ameriquest denies the allegations set forth in paragraph 207 of the Complaint.

## COUNT VIII: PRELIMINARY AND PERMANENT INJUNCTION ON BEHALF OF ALL NAMED PLAINTIFFS AND MEMBERS OF CLASS I

208.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 207 above.

209.  Ameriquest denies the allegations set forth in paragraph 209 of the Complaint.

210.  Ameriquest denies the allegations set forth in paragraph 210 of the Complaint.

211.  Ameriquest denies the allegations set forth in paragraph 211 of the Complaint.

## COUNT IX: VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681m(a), ON BEHALF OF ALL NAMED PLAINTIFFS AND CLASS II

212.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 211 above.

213.  Paragraph 213 of the Complaint sets forth legal conclusions to which no response is required.

214.  Ameriquest denies the allegations set forth in paragraph 214 of the Complaint.

215.  Ameriquest denies the allegations set forth in paragraph 215 of the Complaint.

216.  Ameriquest denies the allegations set forth in paragraph 216 of the Complaint.

217.  Ameriquest denies the allegations set forth in paragraph 217 of the Complaint.

218.  Ameriquest denies the allegations set forth in paragraph 218 of the Complaint.

219.  Ameriquest denies the allegations set forth in paragraph 219 of the Complaint.

220.  Ameriquest denies the allegations set forth in paragraph 220 of the Complaint.

221.  Ameriquest denies the allegations set forth in paragraph 221 of the Complaint.

**COUNT X: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. § 1691(d), ON BEHALF OF ALL NAMED PLAINTIFFS AND CLASS II**

222.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 221 above.

223.  Paragraph 223 of the Complaint sets forth legal conclusions to which no response is required.

224.  Ameriquest admits that the named plaintiffs applied for mortgage loans from Ameriquest.  The remaining allegations set forth in paragraph 224 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Ameriquest denies the remaining the allegations set forth in paragraph 224 of the Complaint.

225.  Ameriquest denies the allegations set forth in paragraph 225 of the Complaint.

226.  Ameriquest denies the allegations set forth in paragraph 226 of the Complaint.

227.  Ameriquest denies the allegations set forth in paragraph 227 of the Complaint.

228.  Ameriquest denies the allegations set forth in paragraph 228 of the Complaint.

229.  Ameriquest denies the allegations set forth in paragraph 229 of the Complaint.

**COUNT XI: CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR FAILURE TO COMPLY WITH THE REQUIREMENTS OF THE CCCDA ON BEHALF OF LYNN GAY, THE WAKEFIELDS AND CLASS III**

230.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 229 above.

231.  Ameriquest denies the allegations set forth in paragraph 231 of the Complaint.

232.  Paragraph 232 of the Complaint sets forth legal conclusions to which no response is required.

233.  Paragraph 233 sets forth legal conclusions to which no response is required.

234.  Paragraph 234 of the Complaint sets forth legal conclusions to which no response is required.

235.  Paragraph 235 sets forth legal conclusions to which no response is required.  To the extent a further response is required, Ameriquest admits that the Notice of Right to Cancel form that it provided to each plaintiff speaks for itself as to its content and otherwise denies the remaining allegations set forth in paragraph 235 of the Complaint.

236.  Ameriquest denies the allegations set forth in paragraph 236 of the Complaint.

237.  Ameriquest denies the allegations set forth in paragraph 237 of the Complaint.

238.  Ameriquest denies the allegations set forth in paragraph 238 of the Complaint.

239.  Ameriquest denies the allegations set forth in paragraph 239 of the Complaint.

240.  Ameriquest denies the allegations set forth in paragraph 240 of the Complaint.

241.  Ameriquest denies the allegations set forth in paragraph 241 of the Complaint.

242.  Ameriquest denies the allegations set forth in paragraph 242 of the Complaint.

**COUNT XII: CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF TO ENFORCE RESCISSION ON BEHALF OF LYNN GAY AND THE WAKEFIELDS, INDIVIDUALLY**

243.  Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 242 above.

244.  Paragraph 244 of the Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest denies the allegations set forth in paragraph 244 of the Complaint.

245.  Ameriquest denies the allegations set forth in paragraph 245 of the Complaint.

The remainder of the Complaint contains a prayer for relief to which Ameriquest is not required to respond.  To the extent that a further response may be required, Ameriquest prays that plaintiffs' Complaint be dismissed with prejudice and that the Court enter judgment in its favor on all Counts of the Complaint, that Ameriquest be awarded its costs and expenses including attorneys' fees, and for such other relief as the Court deems proper.  Ameriquest further requests that the Court enter a declaration that the plaintiffs are not entitled to rescind their mortgage loans from Ameriquest, and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

### Second Defense

Plaintiffs' claims, including the claims of the putative class, are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint.

### Third Defense

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### Fourth Defense

Plaintiffs and the class they seek to represent, lack standing to assert any claims against Ameriquest.

### Fifth Defense

To the extent plaintiffs allege claims of fraud and misrepresentation against Ameriquest, plaintiffs fail to set forth the circumstances constituting fraud with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure.

### Sixth Defense

Plaintiffs' breach of contract claim is barred by the applicable Statute of Frauds.

### Seventh Defense

Any damages were the result of acts or omissions on the part of the plaintiffs or third parties, the actions of which Ameriquest is not responsible.

### Eighth Defense

Any claims by plaintiffs under the Massachusetts Consumer Credit Cost Disclosure Act, G.L. c. 140D §§ 1, *et seq.*, are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

### Ninth Defense

Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches and by the application of unclean hands.

### Tenth Defense

Plaintiff has failed to allege that Ameriquest in any way committed an unfair or deceptive act or practice in violation of Chapter 93A.  Moreover, there have been no unfair or deceptive acts or practices by Ameriquest, and its actions were neither "willful" nor "knowing" within the meaning of Chapter 93A, § 9.  Ameriquest made a reasonable offer of settlement under Chapter 93A.

### Eleventh Defense

In connection with plaintiffs' mortgage loan transactions, Ameriquest did not use a pattern of deceit, misrepresentation, or unfair practices, and did not otherwise conceal or fail to inform plaintiffs of any material facts in violation of Chapter 93A.

### Twelfth Defense

Plaintiffs' unjust enrichment claims are barred by the existence of a contract.

### Thirteenth Defense

The claims of plaintiffs Wakefield claims are barred by fraud and misrepresentation.

### Fourteenth Defense

Plaintiffs' claims are barred by their failure to satisfy conditions precedent.

### Fifteenth Defense

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court

i.   Enter a judgment in its favor on all counts of the Complaint;

ii.  Dismiss the Complaint with prejudice;

iii. Award Ameriquest its costs and expenses, including attorneys' fees incurred in this action;

iv.  Enter a declaration that the plaintiffs are not entitled to rescind their mortgage loans from Ameriquest, and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow; and

v.   Grant such other relief as the Court deems just and proper.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY, INC.,

By its attorneys,

/s/Brian M. Forbes_____
R. Bruce Allensworth (BBO #015820)
        ballensworth@klng.com
Phoebe S. Winder (BBO #567103)
        pwinder@klng.com
Brian M. Forbes (BBO #644787)
        bforbes@klng.com
KIRKPATRICK & LOCKHART NICHOLSON
GRAHAM LLP
75 State Street
Boston, MA 02109
617-261-3100
617-261-3175 (fax)

Dated: March 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

Gary Klein, Esq.
John Roddy, Esq.
Elizabeth Ryan, Esq.
Shennan Kavanagh, Esq.
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111

_/s/Brian M. Forbes_____
Brian M. Forbes