UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISABELLE M. MURPHY,<br>DAVID R. MURPHY,<br>LYNN GAY,<br>DAVID M. WAKEFIELD, and<br>JANET WAKEFIELD<br><br>Individually and on behalf of all others<br>Similarly situated<br><br><br>      Plaintiffs,<br><br>   v.<br><br>AMERIQUEST MORTGAGE<br>COMPANY<br><br>      Defendant. | C.A. No. 04-cv-12651RWZ |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND CLASS ACTION COMPLAINT AND FOR LEAVE TO ADD NEW PLAINTIFFS**

Introduction

Plaintiffs, Isabelle M. Murphy, David R. Murphy, Lynn Gay, David M. Wakefield, and Janet Wakefield ("Plaintiffs") are Massachusetts homeowners who have refinanced their home mortgage loans with Ameriquest Mortgage Company ("Ameriquest"). Each of the Plaintiffs entered into a loan with Ameriquest that is fully secured by equity in their residences. On November 5, 2004, Plaintiffs filed a class action complaint in Norfolk Superior Court alleging generally that Ameriquest used a pattern of deceit, misrepresentation and other stratagems to induce the Plaintiffs to enter into residential mortgage loans with unfair financial benefits to Ameriquest and hidden costs to the Plaintiffs.   This case was removed to the U.S. District Court

for the District of Massachusetts on December 21, 2004. Plaintiffs amended their complaint once as a matter of right on February 16, 2005 and Ameriquest answered on March 7, 2005.

Since then, three individuals, Harriet Holder ("Ms. Holder"), and Frank and Martha White ("the Whites") have contacted Plaintiffs' counsel with substantially similar factual circumstances involving Ameriquest's recent refinancing of their homes. In addition, Plaintiffs have received certain information about their transactions by automatic disclosure pursuant to Fed. R. Civ. P. 26(a).

Due to the significant commonality between the circumstances of Ms. Holder, the Whites and the Plaintiffs, the Plaintiffs now seek to amend the complaint to join Ms. Holder and the Whites as additional plaintiffs. They also make minor changes to conform their complaint to information obtained in discovery. The proposed second amended complaint adds no new or additional claims. As this matter was already a putative class action, the amendment to include additional plaintiffs does not substantially alter the defendant's potential liability.

**Legal Standards**

1.   *Rule 15(a)*

Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading once as a matter of course before a responsive pleading is filed. After a party has filed a responsive pleading the party who wishes to amend must seek leave of court. *See,* Fed. R. Civ. P. 15(a). According to Rule 15(a), "leave shall be freely given when justice so requires." The Supreme Court has emphasized this standard is one that encourages amendment as long as the amendment does not prejudice the court or the other party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Examples of prejudice include undue delay, bad faith motive, futility of the amendment or

repeated failures to improve deficiencies by amendment. *Id.* The *Foman* standard has consistently been followed in this jurisdiction. *See, e.g., Vargas v. McNamara,* 608 F. 2d 15 (1st Cir. 1979); *Savoy v. White,* 139 F.R.D. 265, 267 (D. Mass. 1991)("(A)bsent futility, undue delay, undue prejudice and/or bad faith,…Rule 15(a) generally requires allowance of amendments.").

2.   *Rule 20(a)*

An amendment under Rule 15(a) that seeks to add parties to the complaint implicates Fed. R. Civ. P. Rule 20(a), which governs the permissive joinder of parties. *See, Hinson v. Norwest*, 239 F. 3rd 611 (4th Cir. 2001). Rule 20(a) provides that "all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). The preconditions for permissive joinder are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The Rule 20(a) test requires a two-part analysis. First, the court must decide whether the party seeking permission asserts claims that arise out of the same transaction that is the subject matter of the suit. Claims of individuals alleging a common pattern of events by a single defendant are claims that arise from the same transaction or occurrence. *King v. Ralston Purina*, 97 F.R.D. 477, 479-480 (W.D.N.C. 1983).  The Supreme Court stated, "[t]ransaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610 (1926). Part two of the Rule 20 test requires that common questions of law or fact exist among all parties. Fed. R. Civ. P. 20(a). Here, as discussed below,

virtually all of the questions of law and fact are common among the proposed plaintiffs. Rule 20(a) is to be "construed liberally" in favor of allowing joinder. *Collazo v. Calderon,* 212 F.R.D. 437, 441 (D.P.R. 2002).

**Argument**

No undue prejudice will occur should the Court allow the addition of Ms. Holder and the Whites as additional party plaintiffs as the Plaintiffs seek this amendment in good faith, it is only the second amendment, the amendment is not futile, and will not result in undue delay. Ms. Holder and the Whites were not included in the original or first amended complaints because they contacted counsel for the current Plaintiffs after the filing of the complaints. Their factual circumstances and legal claims are virtually identical to those of the current Plaintiffs and they plead the same claims. Moreover, since the action is pled for the named Plaintiffs and a class of similarly situated individuals, the addition of Ms. Holder and the Whites will not substantially alter the Defendant's potential liability. Finally, the Plaintiffs and Ameriquest filed a Joint Motion for Extension of Time until July 1, 2005 to amend pleadings and join additional parties that the Court granted on June 2, 2005, (Dockets No. 15 and 16), so that the filing of this motion is consistent with the present scheduling deadline.

Ms. Holder and the White's rights of relief arise out of same series of transactions as the current Plaintiffs because they were subject to the improper systemic practices of Ameriquest relating to its refinancings of home mortgage loans. Each individual alleges harm based on the Ameriquest's process and practices of refinancing home mortgage loans.

There are numerous questions of law and fact common among the named Plaintiffs and Ms. Holder and the Whites, which further makes this amendment appropriate. Specifically, like

the Plaintiffs, Ms. Holder and the Whites received refinanced loans which contained the following disadvantageous terms; 1. confusing variable interest rate structures in which the original note rate could only increase, but not decrease; 2. large number of "discount points" constituting thousands of dollars added to the principal of the loan even though Ameriquest provided no "discount" in the transactions; 3. prepayment penalties in the maximum amount allowed by law; and 4. duplicative costs and closing fees in amounts designed to penalize borrowers who sought refinancing from Ameriquest or others on better terms.

The questions of law involved are virtually identical to all parties because Ms. Holder and the Whites are not seeking to add any new claims to the original complaint,[1] which alleges violations of the Massachusetts' truth in lending act, the Consumer Credit Cost Disclosure Act, M.G.L. c. 140D together with its implementing regulations, 209 C.M.R. § 32.1 *et seq*. The substantial similarities between Ms. Holder and the White's factual allegations and legal claims with those contained in the original and first amended complaints provide the needed logical relationship among the parties to satisfy the two prongs of Rule 20(a).

**Conclusion**

The Plaintiffs should be allowed leave to amend their complaint to include Harriet Holder and Frank and Martha White pursuant to Fed. R. Civ. P. 15(a) and 20(a). Both the legal standard and the liberal policy applicable to granting amendments support the Plaintiffs' request. Allowing Ms. Holder and the Whites to join this action prevents duplicate actions, promotes judicial economy, and prevents the danger of inconsistent verdicts. Since this case is in the

---

[1] They add only additional grounds to support the rescission claims made in the original complaint – i.e., that their Notice of Right to Cancel forms were not properly completed with the deadline applicable to their right to cancel and/or, in the case of Ms. Holder, that the disclosure forms were not timely delivered.

pleading stage and the factual and legal claims between the Plaintiffs, Ms. Holder, and the Whites are substantially similar, allowing Ms. Holder and the Whites to join causes no undue prejudice or delay to the Court or to Ameriquest.

        Respectfully Submitted,
        Isabelle and David Murphy et. al.
        By their attorneys,

        /s/ Gary Klein
        Gary Klein BBO # 560769
        John Roddy BBO # 424240
        Elizabeth Ryan BBO # 549632
        Shennan Kavanagh BBO # 655174
        Roddy, Klein & Ryan
        727 Atlantic Ave., 2nd floor
        Boston, MA  02111
        Tel. 617-357-5500 x 15
        Fax. 617-357-5030
        klein@roddykleinryan.com

Dated: July 1, 2005