**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ISABELLE M. MURPHY, | ) |
| DAVID R. MURPHY, | ) |
| LYNN GAY, | ) |
| DAVID M. WAKEFIELD, and | ) |
| JANET WAKEFIELD, | ) |
| | ) |
| Individually and on behalf of all others | ) CIVIL ACTION NO. 04-12651-RWZ |
| similarly situated, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) |
| Defendant. | ) |

**ASSENTED TO MOTION FOR ENTRY OF**
**STIPULATED CONFIDENTIALITY ORDER**

Defendant Ameriquest Mortgage Company, Inc. ("Ameriquest") respectfully requests that the Court enter the Stipulation and Confidentiality Order attached hereto as Exhibit A regarding the protection of confidential information within the scope of Fed. R. Civ. P. 26(c)(7). As reasons therefor, Ameriquest states:

1. The discovery obligations of the Federal Rules of Civil Procedure require Ameriquest to provide documents and information to the plaintiffs that contain confidential and proprietary commercial and financial information.

2. Such information is subject to protection under Fed. R. Civ. P. 26(c)(7).

3. In order to protect Ameriquest from the dissemination of such confidential and proprietary information and documents, Ameriquest requests that the Court enter a confidentiality order in the form attached to this Motion as Exhibit A.

4.  Ameriquest has conferred in good faith with counsel for plaintiffs. Plaintiffs' counsel has signed the Stipulation and Confidentiality Order and has assented to the filing of this Motion.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY, INC.,

By its attorneys,

 /s/ Brian M. Forbes_____
R. Bruce Allensworth (BBO #015820)
    ballensworth@klng.com
Phoebe S. Winder (BBO #567103)
    pwinder@klng.com
Brian M. Forbes (BBO #644787)
    bforbes@klng.com
Ryan M. Tosi (BBO #661080)
    rtosi@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
617-261-3100
617-261-3175 (fax)

Assented to:

/s/ Gary Klein_____
Attorneys for Plaintiffs
Gary Klein, Esq.
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111

Dated: July 12, 2005

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

Gary Klein, Esq.
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111

/s/ Brian M. Forbes_____
Brian M. Forbes

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISABELLE M. MURPHY, <br> DAVID R. MURPHY, <br> LYNN GAY, <br> DAVID M. WAKEFIELD, and <br> JANET WAKEFIELD, <br><br> Individually and on behalf of all others similarly situated, <br> Plaintiffs, <br><br> v. <br><br> AMERIQUEST MORTGAGE COMPANY, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-12651-RWZ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STIPULATION AND CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, plaintiffs Isabelle M. Murphy, David R. Murphy, Lynn Gay, David M. Wakefield and Janet Wakefield ("plaintiffs") and Defendant Ameriquest Mortgage Company ("Ameriquest"), by and through their respective counsel, and pursuant to Section 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Confidentiality Order as follows:

1. **Scope.** This Confidentiality Order ("Order") shall apply to all information, documents and things subject to discovery or otherwise provided by plaintiffs or Ameriquest in the above-captioned matter, including without limitation, testimony adduced at depositions upon oral examinations or upon written questions, answers to interrogatories, initial disclosures, responses to pleadings, documents and things produced, and communications of any kind.

DRAFT

2. **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person except as provided in paragraph 3 below.

A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7). For purposes of this Order, the term "document" means all written recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

3. **Permissible Disclosures.** Notwithstanding paragraph 2, stamped confidential documents and information may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the confidential documents or information and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any

special master appointed by the Court). Subject to the provisions of subparagraph (c), such documents of information may also be disclosed--

    (a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

and

    (b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved in the preparation of the claims or defenses in the action to the extent reasonably necessary in preparing such claims or defenses; to employees of parties involved in organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed the form appended as Exhibit A that contains:

        (1) a recital that the signatory has read and understands this Order;

        (2) a recital that the signatory will comply with all the provisions of this Order; and

        (3) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents or confidential information constitute a breach of this Order.

(c) Before disclosing a stamped confidential document or confidential information to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents or information to be disclosed, and stating the purposes of such disclosure. If, within the ten day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion.

4. **Declassification.** In the event that any party to this litigation disagrees with the designation of any document or category of documents as confidential, such party shall provide to the designating party written notice of its disagreement. The parties shall first attempt in good faith to resolve any such dispute informally. If the dispute cannot be resolved, the party challenging the designation may petition the Court for a ruling that the document or category of documents designated as confidential is not entitled to such status and protection. Such petition must be requested upon no less than ten (10) days notice to the designating party. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection. After petition has been made, any document or category of documents designated as confidential shall retain its status as confidential in accordance with all terms of this Stipulation and Order unless and until the Court issues the requested ruling.

5. **Confidential Information in Depositions.** A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 3(c) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form appended hereto as Exhibit A. A deponent further may be questioned concerning or testify to confidential information during the deposition. Deponents shall not disclose or disseminate any confidential information obtained, revealed, examined, discussed, or testified to during a deposition to any person. A deponent who is a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents or information.

6. **Designation of Transcripts.** When confidential information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, including exhibits, the party asserting that the information or disclosure is confidential shall, with the cooperation of all other parties, make arrangements with the reporter during the course of such deposition or other proceeding to label such transcript, portions thereof or exhibits as "CONFIDENTIAL" and separately bind such category of information. In the alternative, a party may designate, in writing, such transcripts, portions thereof or exhibits as "CONFIDENTIAL" within ten (10) days after receipt by the designating party of the original or a copy thereof. If designation is made during the 10-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" on the front cover of the transcript, on each or all of the exhibits so designated, and on each copy thereof.

7. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosures. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

8. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

9. **Filing.** Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

10. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on the examination of stamped confidential documents or other confidential information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosures of any item so designated except pursuant to the procedures of paragraphs 3(b) and (c). Counsel are prohibited from disclosing stamped confidential

documents or other confidential information pertaining to the individual borrower plaintiffs with any other plaintiffs.

11. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document.

12. **Use.** Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

13. **Non-termination.** The provisions of this Order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits or record) shall be returned to the party or person which produced or designated such documents or, at the option of the producer or designator (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced or designated the documents not more than 150 days after final termination of this litigation.

14. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

15. **Responsibility of Attorneys.** The attorneys of records are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access

to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal. The attorneys of records further are responsible for employing reasonable measures to control, consistent with this Order, the dissemination or revelation of confidential information.

16. **No Waiver.**

    (a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

    (b) The inadvertent, unintentional, or in camera disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If a party inadvertently or unintentionally produces any confidential document or information without marking or designating it as such in accordance with the provisions of this Order, that party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as confidential from the date such notice is received. Disclosure of such confidential document or information prior to the receipt of such notice, if known, shall be reported to the party that made the disclosure.

- 9 -

17. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

Respectfully Submitted,

| AMERIQUEST MORTGAGE COMPANY, INC., | ISABELLE and DAVID MURPHY ET AL. |
|---|---|
| By its attorneys, | By their attorneys, |

_____  _____
R. Bruce Allensworth (BBO #015820)   Gary Klein (BBO #560769)
   ballensworth@klng.com               klein@roddykleinryan.com
Phoebe S. Winder (BBO #567103)       John Roddy (BBO #424240)
   pwinder@klng.com                    (Email)
Brian M. Forbes (BBO #644787)        Elizabeth Ryan (BBO #549632)
   bforbes@klng.com                    (Email)
Ryan M. Tosi (BBO #661080)           Shennan Kavanaugh (BBO #655174)
   rtosi@klng.com                      (Email)
Kirkpatrick & Lockhart Nicholson Graham LLP   Roddy, Klein & Ryan
75 State Street                      727 Atlantic Ave., 2nd Floor
Boston, MA 02109                     Boston, MA 02110
617-261-3100                         617-357-5500 x15
617-261-3175 (fax)                   617-357-5030 (fax)

Dated: _____, 2005               Dated: _____, 2005


IT IS SO ORDERED:

Dated: _____, 2005

_____
Rya W. Zobel
United States District Court Judge

## EXHIBIT A

## Acknowledgment of Stipulation and Confidentiality Order

I _____ state as follows:

1.  My address is
_____.

2.  My present occupation is
_____.

3.  I have received a copy of the Stipulation and Confidentiality Order in the action entitled Isabelle and David Murphy et. al. v. Ameriquest Mortgage Company, Case No. 04-12651, pending in the United States District Court for the District of Massachusetts. I have carefully read and understand the provisions of the Stipulation and Confidentiality Order.

4.  I agree to comply with all provisions of the Stipulation and Confidentiality Order.

5.  I agree to not divulge to persons other than those specifically authorized by paragraph 3 of the Stipulation and Confidentiality Order, and will not use, copy, distribute or disclose, except solely for purposes of this litigation, any confidential document or information except as provided herein.

6.  I agree to return all documents containing confidential information to the attorneys who presented this Acknowledgment to me within sixty (60) days after the conclusion of this litigation whether by dismissal, final judgment or settlement.

Signature: _____

Printed Full Name: _____

Address:  _____

_____

_____

Date:  _____