# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISABELLE M. MURPHY, ) | |
| DAVID R. MURPHY, ) | |
| LYNN GAY, ) | |
| DAVID M. WAKEFIELD ) | |
| JANET WAKEFIELD, ) | |
| FRANK WHITE, ) | |
| MARTHA WHITE, and ) | |
| HARRIET HOLDER ) | |
| ) | |
| Individually and on behalf of all others ) | |
| Similarly situated ) | C.A. No. 04-cv-12651RWZ |
| ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERIQUEST MORTGAGE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR ORDER COMPELLING DISCOVERY

Plaintiffs, Isabelle M. Murphy, David R. Murphy, Lynn Gay, David M. Wakefield, Janet Wakefield, Frank White, Martha White and Harriet Holder ("Plaintiffs") move pursuant to Fed. R. Civ. P. 37(a)(2)(B), 34(b), and Local Rule 37.1 for the entry of an order compelling the defendant, Ameriquest Mortgage Company ("Defendant") to respond to document requests and interrogatories pertaining to class certification issues and employee compensation policies, to provide dates for previously noticed depositions, to overrule Defendant's general objections to discovery requests, and to provide a privilege log, for the reasons set forth in the accompanying

memorandum and declaration. In support of this motion, the Plaintiffs allege that there is good cause and state the following:

1.  This is a class action case involving mortgage loan transactions and the circumstances of those transactions between the parties.

2.  On March 2, 2005, the parties filed a Joint Statement for Scheduling Conference, now embodied in the court's March 14, 2005 Scheduling Order [Docket No. 13], which contains the parties' agreement that discovery will be conducted in two phases, and that Phase I "should be directed to the issue of class certification…so that the Court may determine as soon as practicable whether this action meets the standards under Rule 23 of the Federal Rules of Civil Procedure for class action treatment."

3.  Plaintiffs served a Request For Production Of Documents and Interrogatories on Defendant on April 7, 2005, which included requests for information and material pertinent to class certification issues and employee compensation policies.

4.  On June 9, 2005, Defendant responded to Plaintiffs' discovery requests and interrogatories.

5.  Defendant objected to the majority of Plaintiffs' interrogatories and document requests on the grounds that the requests seek information pertaining to class certification.

6.  Defendant refused to provide any information relating to its employee compensation policies.

7.  Defendant used general blanket objections in all of their responses.

8.    Defendant raised the attorney-client and/or work product privilege as an objection to many requests, however, it has not provided Plaintiffs with a privilege log, pursuant to Fed. R. Civ. P. 26(b)(5).

9.    On September 2, 2005, Plaintiffs served seven notices of deposition, pursuant to Fed. R. Civ. P. 30(b)(6). The depositions were scheduled for September 28-30.

10.   To accommodate the Defendant with respect to dates, Plaintiffs agreed to reschedule the depositions for dates convenient to the Defendant and its counsel. However, Defendant has not provided any dates on which the noticed depositions can be held.

11.   On September 20, 2005, the parties held a discovery conference, by telephone, pursuant to Fed. R. Civ. P. 37(a)(2) and Local Rule 37.1.

12.   Plaintiffs, through counsel, have made a good faith effort to secure responses to discovery without court intervention. See, Declaration of Gary Klein, attached hereto as Exhibit 1.

13.   If this motion to compel is not granted, plaintiffs will be prejudiced by the Defendant's delay and by their failure to comply with the Rules of Court.

14.   A memorandum and declaration in support of this motion are attached and submitted herewith.

WHEREFORE, the Plaintiffs' respectfully request that this Court issue an order compelling Defendant to respond to document requests and interrogatories pertaining to class certification issues and employee compensation policies, to provide dates for the previously noticed depositions, to overrule Defendant's general objections to discovery requests, and to provide a privilege log.

3

Respectfully submitted,
Isabelle M. Murphy, et al.

By their attorneys,

/s/ Gary Klein
Gary Klein BBO # 560769
Elizabeth Ryan BBO # 549632
Shennan Kavanagh BBO # 655174
Roddy Klein & Ryan
727 Atlantic Ave., 2nd floor
Boston, MA  02111
p. 617.357.5500 ext.15
f.  617- 357-5030
klein@roddykleinryan.com

Dated: December 2, 2005

<u>RULE 37(a)(2)(B) CERTIFICATE</u>

I, Gary Klein, hereby certify that I have attempted in good faith to confer with counsel for Defendant, as required by Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1(b), in an effort to secure the information and material contained in this motion without court action, but have been unable to resolve the disputed issues.

/s/ Gary Klein
Gary Klein

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| ISABELLE M. MURPHY, | ) | |
| DAVID R. MURPHY, | ) | |
| LYNN GAY, | ) | |
| DAVID M. WAKEFIELD, and | ) | |
| JANET WAKEFIELD | ) | |
| | ) | |
| Individually and on behalf of all others | ) | |
| Similarly situated | ) | |
| | ) | C.A. No. 04-cv-12651RWZ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERIQUEST MORTGAGE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

_____

**DECLARATION OF GARY KLEIN IN SUPPORT OF PLAINTIFFS'
OMNIBUS MOTION TO COMPEL DISCOVERY RESPONSES AND CERTIFICATON
OF GOOD FAITH ATTEMPTS TO RESOLVE DISPUTES**

1.      I am lead counsel for the Plaintiffs in this matter.

**PLAINTIFFS' DISCOVERY REQUESTS TO DATE:**

2.      Plaintiffs served a Request for Production of Documents and Interrogatories on the

Defendant on April 7, 2005.

3.      Plaintiffs received Defendant's response thereto on or about June 9, 2005.

4.      A true and correct copy of Defendant's responses and objections to the Request for

Production of Documents is attached hereto and marked Exhibit A.

5.      A true and correct copy of Defendant's responses and objections to Interrogatories is

attached hereto and marked Exhibit B.

6.      Defendant's responses contain numerous objections and other limitations that Plaintiffs considered to be without merit.  Among other things, Defendant produced no responses of any kind to any discovery requests directed to the requirements for class certification under Fed. R. Civ. P. 23.

7.      Defendant made various claims of privilege in its responses without producing a privilege log.

8.      On June 23, 2005, I sent the Defendant's counsel a letter that detailed Plaintiffs' positions on the deficiencies in Defendant's responses to pending discovery, but also suggested that the Plaintiffs would be willing to discuss modifications to some requests to address some of the concerns raised by Defendant.

9.      A true and correct copy of the June 23, 2005 letter is attached hereto as Exhibit C.

10.     The June 23, 2005 letter requested a discovery conference to attempt to resolve or narrow the parties' differences on discovery issues.

11.     In response, counsel for the Defendant agreed to participate in a discovery conference, but informally requested that the discovery conference be postponed because Defendant intended to produce additional documents that had previously been withheld as purportedly confidential.

12.     The Defendant produced additional documents on August 22, 2005.  The additional documents did not resolve any of the Plaintiffs' concerns about Defendant's discovery responses, but rather were purportedly confidential documents that should

2

have been produced earlier in light of the confidentiality order governing this matter. The confidentiality order had been entered on July 15, 2005 (Docket No. 21).

13.    On September 2, 2005, Plaintiffs served seven notices of deposition, pursuant to Fed. R. Civ. P. 30(b)(6).  The depositions were scheduled for September 28-30.

**THE PARTIES' DISCOVERY CONFERENCE**

14.    On September 20, 2005, at 2:30 p.m., the parties held a discovery conference, by telephone, pursuant to Fed. R. Civ. P. 37(a)(2) and Local Rule 37.1. The conference concluded at approximately 4:30 p.m.

15.    Present for the Plaintiffs were Attorneys Elizabeth Ryan, Shennan Kavanagh and me. Present for the Defendant were Attorneys Bruce Allensworth, Ryan Tosi, and Brian Forbes.

16.    At the September 20, 2005 conference, Defendant's counsel first informed Plaintiffs that Defendant would not be able to produce witnesses for deposition on the scheduled dates due to scheduling conflicts.

17.    At the conference, Plaintiffs detailed their position as to each of the discovery disputes, which had not changed substantially from that described in Exhibit C. Defendant's counsel agreed to consult with his client and to respond specifically to Plaintiffs' positions following such consultation.  Defendant's counsel stated that he would recommend that his client provide certain additional discovery – including, without limitation, some form of response to discovery directed to issues required for class certification pursuant to Fed. R. Civ. P. 23.

18.    Defendant also agreed to provide dates on which the noticed depositions could be held.

19.    Based on these agreements, Plaintiff agreed to reschedule the depositions for dates convenient to the Defendant and its counsel.

20.    Defendant's counsel asked to continue the discovery conference until October 12, 2005 in order to provide the promised information.  Defendant's counsel asserted that he needed extra time to formulate responses due to an extensive travel schedule.

21.    Plaintiffs agreed.

**ADDITIONAL DELAYS FOLLOWING THE DISCOVERY CONFERENCE**:

22.    On October 12, 2005, Defendant's counsel asked to further continue the discovery conference until October 26, 2005 based on his inability to confer with his client on discovery issues.  Plaintiffs agreed as an accommodation to Defendant's counsel and in light of a further agreement to jointly pursue a motion to extend the discovery period.

23.    On October 26, 2005, in a telephone call, Defendant's counsel agreed to provide the promised responses to the issues raised in the discovery conference, including dates for depositions, no later than October 31, 2005.  Defendant's Counsel again asserted that he had been unable to reach his client.

24.    Defendant's counsel did not provide any information or responses on or before October 31, 2005, nor did Defendant's counsel contact me to request additional time.

25.    On November 8, 2005, in a final effort to resolve these matters, I sent Defendant's

4

counsel a letter detailing our efforts to informally resolve these matters and giving

Defendant a final opportunity to resolve the pending issues within 7 days of the date

of the letter.

26.     On November 15, Defendant's counsel called and promised to send additional

documents no later than November 18, 2005.  Plaintiffs received a box of documents

on November 18, 2005 that resolved only two of the issues that had been raised in the

parties' discovery conference.  These were production of additional purportedly

confidential documents from the Plaintiffs' loan files and production of documents

with respect to individuals named as additional Plaintiffs in the pending Second

Amended complaint.

27.     Defendant's counsel did not provide dates for depositions.  Nor did he address other

open issues including, without limitation, questions related to discovery relevant

under Rule 23.

28.     On November 17, Defendant's counsel offered to provide additional information on

his client's positions by telephone.

29.     In light of the Defendant's months of delay on open issues, I asked counsel to put his

client's positions in writing.  I have not received any written positions as of the date

of this declaration.

Dated: December 2, 2005                         /s/ Gary Klein
                                                Gary Klein BBO # 560769
                                                Roddy, Klein & Ryan
                                                727 Atlantic Ave., 2nd floor
                                                Boston, MA  02111

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ISABELLE M. MURPHY,                              )
DAVID R. MURPHY,                                 )
LYNN GAY,                                        )
DAVID M. WAKEFIELD, and                          )
JANET WAKEFIELD,                                 )
                                                 )
Individually and on behalf of all others         ) CIVIL ACTION NO. 04-12651-RWZ
similarly situated,                              )
                    Plaintiffs,                   )
                                                 )
v.                                               )
                                                 )
AMERIQUEST MORTGAGE COMPANY,                     )
                    Defendant.                    )

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to the Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of

the Local Rules for the United States District Court for the District of Massachusetts, defendant

Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby responds to Plaintiffs' First Set of

Requests for the Production of Documents ("Plaintiffs' Document Requests").

### SPECIFIC OBJECTIONS OF GENERAL APPLICABILITY

Ameriquest makes the following objections of general applicability to Plaintiffs'

Document Requests, including specific objections to the definitions and instructions set forth in

therein.

1.      Ameriquest objects to Plaintiffs' Document Requests to the extent that they seek

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

2.      Ameriquest objects to Plaintiffs' Document Requests to the extent that they seek
to impose a burden upon Ameriquest beyond that set forth in the Federal Rules of Civil
Procedure and the Local Rules of the United States District Court for the District of
Massachusetts.  Further, in responding to Plaintiffs' Document Requests, Ameriquest will assign
to each word its everyday meaning and has construed the language of each request in light of the
scope of discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of the
United States District Court for the District of Massachusetts, or is inconsistent with the
definitions provided by the Local Rules of the United States District Court for the District of
Massachusetts.

3.      Ameriquest objects to Plaintiffs' Document Requests to the extent that they call
for the identification or production of attorney-client privileged documents, attorney work
product, documents otherwise privileged or protected by Fed. R. Civ. P. 26(b)(3) or documents
otherwise protected under applicable law.

4.      Ameriquest objects to Plaintiffs' Document Requests to the extent that they seek
to impose an obligation upon Ameriquest to provide continuing responses in addition to and
other than as specifically required by Rule 26(e) of the Federal Rules of Civil Procedure.

5.      Ameriquest objects to Plaintiffs' Document Requests to the extent that they seek
the identification of information and documents that may be responsive to the Document
Requests, but that are not relevant to the subject matter involved in this action or reasonably
calculated to lead to the discovery of admissible evidence.

6.     Ameriquest objects to Plaintiffs' Document Requests to the extent that they call for documents "relating to" or "relates to" on the grounds that such requests are overly broad and fail to set forth the category of documents sought with reasonable particularity.

7.     Ameriquest objects to Plaintiffs' Document Requests to the extent that they call for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest objects to disclosing or producing such information absent an order by the Court sufficiently protecting the confidentiality of such information. Ameriquest further objects to producing specific information concerning borrowers that is protected on privacy grounds.

8.     Ameriquest objects to Plaintiffs' Document Requests to the extent that they call for confidential private information concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws.

9.     Ameriquest objects to Plaintiffs' Document Requests to the extent that they call upon Ameriquest to identify "all" persons or "all" documents on the grounds that such demands are overly broad and seek to impose an undue burden upon Ameriquest and calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Ameriquest objects to Plaintiffs' Document Requests to the extent that they seek the identification of documents that are not in the possession, custody, or control of Ameriquest.

11.     Ameriquest objects to plaintiffs' definition of the term "relevant time period" as overly broad, unduly burdensome, vague and ambiguous and fails to set forth the categories of information sought with reasonable particularity and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further

objects to such definition to the extent that it seeks information for any time period other than

that within the applicable statute of limitations.

12.     Ameriquest's search for information relevant to issues in this action is continuing.

Ameriquest's objections and responses to Plaintiffs' Document Requests are based only upon

such documents and information that are available to it at the time of this response.  Further

investigation in this action may disclose additional information or documents that are requested

by plaintiffs.  Ameriquest reserves that right to modify or supplement any and all of its

objections and responses to Plaintiffs' Document Requests as additional documents or

information are obtained or become available or known to it.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

Ameriquest hereby incorporates by reference each of the foregoing specific objections of

general applicability, as if fully set forth therein, in its response to each of the numbered

Document Requests set forth below.

## REQUEST NO. 1

Each document that records, reflects, evidences, or relates to Plaintiffs' Transactions with
Defendant including, without limitation, all documents which were prepared, generated or reviewed
in connection with the application, underwriting, review and credit assessment, approval, funding,
closing and recording of said transactions.

## RESPONSE NO. 1

Ameriquest objects to Request No. 1 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity.  Ameriquest further objects to Request No. 1 to

the extent that it seeks the production of documents that are not in the possession, custody, or

control of Ameriquest.  Ameriquest further objects to Request No. 1 on the grounds that it calls

for the disclosure of confidential and proprietary business and financial information of

Ameriquest. Ameriquest further objects to Request No. 1 to the extent that it seeks information

that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-

confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order,

Ameriquest will produce the remaining documents contained in plaintiffs' loan files.

## REQUEST NO. 2

Each document that records, reflects, evidences, or relates to payment, fees, commissions,
compensation or other remuneration Defendant paid to any person in connection with Plaintiffs'
Transactions (including but not limited to cancelled checks that were issued at or after the loan
closing).

## RESPONSE NO. 2

Ameriquest objects to Request No. 2 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity. Ameriquest further objects to Request No. 2 to

the extent that it seeks the production of documents that are not in the possession, custody, or

control of Ameriquest. Ameriquest further objects to Request No. 2 on the grounds that it calls

for the disclosure of confidential and proprietary business and financial information of

Ameriquest. Ameriquest further objects to Request No. 2 to the extent that it seeks information

that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Ameriquest further objects to Request No. 2 to the extent that it calls for confidential private

information or documents concerning Ameriquest employees and implicates employee privacy

rights that may be protected by federal and state privacy laws.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files which includes the HUD-1 Settlement Statement for plaintiffs' transactions and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files.

## REQUEST NO. 3

Each document that records, reflects, evidences, or relates to payments that Defendant has received from Plaintiffs and charges and costs incurred on Plaintiffs' accounts.

## RESPONSE NO. 3

Ameriquest objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 3 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 3 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 3 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files which includes the HUD-1 Settlement Statement for plaintiffs' transactions and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files and payment histories for plaintiffs Murphy, Wakefield, and Gay.

**REQUEST NO. 4**

Each document that records, reflects, evidences, or relates to oral or written communication concerning Plaintiffs' Transaction that Defendant made internally or that Defendant made with any other person or entity.

**RESPONSE NO. 4**

Ameriquest objects to Request No. 4 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the phrase "any other person or entity," and seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence and fails to set forth the category of documents sought with reasonable

particularity. Ameriquest further objects to Request No. 4 on the grounds that it calls for the

disclosure of confidential and proprietary business and financial information of Ameriquest.

Ameriquest further objects to Request No. 4 to the extent that it seeks information that may be

protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-

confidential documents from plaintiffs' loan files which includes the HUD-1 Settlement Statement

for plaintiffs' transactions and subject to the entry of a confidentiality order, Ameriquest will

produce the remaining documents contained in plaintiffs' loan files.

**REQUEST NO. 5**

Each document that records, reflects, evidences, or relates to any consideration (i.e., money, payment, compensation, fee, charge or any thing of value) paid to an employee in connection with or based on Plaintiffs' transactions.

**RESPONSE NO. 5**

Ameriquest objects to Request No. 5 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity. Ameriquest further objects to Request No. 5 to

the extent that that it seeks information and documents for any time period other than that within

the applicable statute of limitations. Ameriquest further objects to Request No. 5 on the grounds

that it calls for the disclosure of confidential and proprietary business and financial information

of Ameriquest. Ameriquest further objects to Request No. 5 to the extent that it seeks

information that may be protected by the attorney work product doctrine and/or the attorney

client privilege. Ameriquest further objects to Request No. 5 to the extent that it calls for

confidential private information concerning Ameriquest employees and implicates employee

privacy rights that may be protected by federal and state privacy laws.

## REQUEST NO. 6

Each document that Defendant contends was given to or received from a Plaintiff in
connection with Plaintiffs' transactions.

## RESPONSE NO. 6

Subject to and without waiving the foregoing objections, Ameriquest has produced the

documents in its loan file for each named plaintiffs' loan.

## REQUEST NO. 7

Each document that Defendant contends was given to or received from a third party in
connection with Plaintiffs' transactions.

## RESPONSE NO. 7

Ameriquest objects to Request No. 7 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity. Ameriquest further objects to Request No. 7 on

the grounds that it calls for the disclosure of confidential and proprietary business and financial

information of Ameriquest. Ameriquest further objects to Request No. 7 to the extent that it

seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-

confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order,

Ameriquest will produce the remaining documents contained in plaintiffs' loan files. Ameriquest

further refers to its response to Request No. 6.

## REQUEST NO. 8

Each document that records, reflects, evidences or relates to Defendant's policy or practice
during the Relevant Time Period of charging discount points to borrowers including, without
limitation, rate sheets or other written information used by Defendant's employees to calculate rates
and/or rate discounts.

## RESPONSE NO. 8

Ameriquest objects to Request No. 8 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the phrases "without limitation" and "written

information," and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence and fails to set forth the category of documents sought with

reasonable particularity. Ameriquest further objects to Request No. 8 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance. Ameriquest further objects to Request No. 8 to the extent

that that it seeks information and documents for any time period other than that within the

applicable statute of limitations. Ameriquest further objects to Request No. 8 on the grounds that

it calls for the disclosure of confidential and proprietary business and financial information of

Ameriquest. Ameriquest further objects to Request No. 8 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

## REQUEST NO. 9

Each document that Defendant contends supports its position that a rate discount was provided to the Plaintiffs in their Transactions.

## RESPONSE NO. 9

Ameriquest objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 9 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 9 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 9 on the grounds that Fed. R. Civ. P. 34 does not contemplate contention requests for documents. Moreover, Ameriquest objects to the characterization that Ameriquest has set forth the contention described in Request No. 9.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files.

## REQUEST NO. 10

Each document Defendant received from or provided to any employee that shows the basis on which Defendant paid commissions to its employees for closing loans or otherwise generating business in Massachusetts.

## RESPONSE NO. 10

Ameriquest objects to Request No. 10 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Ameriquest further objects to

Request No. 10 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations.  Ameriquest further objects to Request

No. 10 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest.  Ameriquest further objects to Request No. 10 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege.  Ameriquest further objects to Request No. 10 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.  Ameriquest further objects to Request No. 10 to the

extent that it calls for confidential private information concerning Ameriquest employees and

implicates employee privacy rights that may be protected by federal and state privacy laws.

**REQUEST NO. 11**

Each document Defendant received from or provided to any employee that shows any quota
applicable to closing loans or otherwise generating business in Massachusetts.

**RESPONSE NO. 11**

Ameriquest objects to Request No. 11 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Ameriquest further objects to

Request No. 11 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations.  Ameriquest further objects to Request

No. 11 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 11 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 11 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance. Ameriquest further objects to Request No. 11 to the

extent that it calls for confidential private information concerning Ameriquest employees and

implicates employee privacy rights that may be protected by federal and state privacy laws.

## REQUEST NO. 12

Each document used by Defendant as a form, guideline, or template for providing
information to Massachusetts-based borrowers.

## RESPONSE NO. 12

Ameriquest objects to Request No. 12 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity. Ameriquest further objects to Request No. 12 to

the extent that that it seeks information and documents for any time period other than that within

the applicable statute of limitations. Ameriquest further objects to Request No. 12 on the

grounds that it calls for the disclosure of confidential and proprietary business and financial

information of Ameriquest. Ameriquest further objects to Request No. 12 to the extent that it

seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 12 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files.

## REQUEST NO. 13

Each document used by Defendant as a form, guideline, or template for receiving information from Massachusetts-based borrowers.

## RESPONSE NO. 13

Ameriquest objects to Request No. 13 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 13 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 13 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 13 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 13 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files which includes the uniform residential loan application and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files.

## REQUEST NO. 14

Each document provided or issued to any employee or third party that contains instructions for underwriting loans in Massachusetts.

## RESPONSE NO. 14

Ameriquest objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 14 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 14 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 14 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 14 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files and will produce its underwriting guidelines in effect during the time of origination of plaintiffs' transactions.

## REQUEST NO. 15

Each document provided or issued to any employee or third party that contain instructions for closing loans in Massachusetts.

## RESPONSE NO. 15

Ameriquest objects to Request No. 15 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 15 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 15 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 15 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 15 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files which includes the closing instructions particular to each named plaintiffs' loan.

## REQUEST NO. 16

Each document provided or issued to any employee or third party that contains instructions for distributing funds on loans closed in Massachusetts.

## RESPONSE NO. 16

Ameriquest objects to Request No. 16 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 16 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 16 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 16 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 16 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files, including without limitation, the HUD-1 Settlement Statement which demonstrates how the loan proceeds were distributed for each named

plaintiffs' loan and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files.

## REQUEST NO. 17

Each document provided or issued to any employee or third party that contains instructions for charging points, closing costs or settlement fees on loans closed in Massachusetts.

## RESPONSE NO. 17

Ameriquest objects to Request No. 17 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 17 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 17 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 17 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 17 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files and will produce its underwriting guidelines in effect during the origination of plaintiffs' transactions.

**REQUEST NO. 18**

Each document that records, reflects, evidences, or relates to any policy, criteria, or underwriting guidelines that Defendant used in determining the terms of the Plaintiffs' Transactions.

**RESPONSE NO. 18**

Ameriquest objects to Request No. 18 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 18 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 18 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 18 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files and will produce its underwriting guidelines in effect during the origination of plaintiffs' transactions.

**REQUEST NO. 19**

Each document that records, reflects, evidences, or relates to any policy, criteria, or underwriting guidelines that Defendant used during the Relevant Time Period in determining the terms offered to persons who made applications for loans.

**RESPONSE NO. 19**

Ameriquest objects to Request No. 19 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity.  Ameriquest further objects to Request No. 19 to

the extent that that it seeks information and documents for any time period other than that within

the applicable statute of limitations.  Ameriquest further objects to Request No. 19 on the

grounds that it calls for the disclosure of confidential and proprietary business and financial

information of Ameriquest.  Ameriquest further objects to Request No. 19 to the extent that it

seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege.  Ameriquest further objects to Request No. 19 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-

confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order,

Ameriquest will produce the remaining documents contained in plaintiffs' loan files and will

produce its underwriting guidelines in effect during the origination of  plaintiffs' transactions.

## REQUEST NO. 20

Each document that records, reflects, evidences, or relates to any policy that Defendant used
during the Relevant Time Period in determining the scope or nature of the right of rescission under
the state or federal Truth-in Lending Act.

## RESPONSE NO. 20

Ameriquest objects to Request No. 20 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity. Ameriquest further objects to Request No. 20 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 20 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 20 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 20 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance. Ameriquest further objects to Request No. 20 to the extent that it suggests that the nature and scope of the statutory right of rescission is determined by Ameriquest and not state and federal Truth in Lending regulations.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files, including its One Week Cancellation Period. Ameriquest will also produce its "Best Practices" guidelines in effect during the origination of plaintiffs' transactions.

## REQUEST NO. 21

Each document (including, but not limited to, agreements, contracts, underwriting guidelines, rate sheets and pricing sheets) that records, reflects, evidences, or relates to any terms and conditions governing loans made in Massachusetts during the relevant time period.

## RESPONSE NO. 21

Ameriquest objects to Request No. 21 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity.  Ameriquest further objects to Request No. 21 to

the extent that that it seeks information and documents for any time period other than that within

the applicable statute of limitations.  Ameriquest further objects to Request No. 21 on the

grounds that it calls for the disclosure of confidential and proprietary business and financial

information of Ameriquest.  Ameriquest further objects to Request No. 21 to the extent that it

seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege.  Ameriquest further objects to Request No. 21 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

## REQUEST NO. 22

Each document that you received from or provided to any state or federal government
official or agency relating to your compliance or alleged or possible noncompliance with state or
federal law during the Relevant Time Period.

## RESPONSE NO. 22

Ameriquest objects to Request No. 22 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.  Ameriquest further objects to

Request No. 22 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations.  Ameriquest further objects to Request

No. 22 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest.  Ameriquest further objects to Request No. 22 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 22 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance. Such discovery is premature absent an order certifying a

putative class. Ameriquest further objects to Request No. 22 to the extent that it calls for

confidential private information concerning Ameriquest employees and implicates employee

privacy rights that may be protected by federal and state privacy laws.

## REQUEST NO. 23

Each document that records, reflects, evidences, or relates to any investigation conducted by any federal government official or agency to determine whether you had complied or were complying with state or federal law during the Relevant Time Period.

## RESPONSE NO. 23

Ameriquest objects to Request No. 23 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 23 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 23 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 23 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 23 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance. Ameriquest further objects to Request No. 23 to the

extent that it calls for confidential private information concerning Ameriquest employees and

implicates employee privacy rights that may be protected by federal and state privacy laws.

**REQUEST NO. 24**

Each document that records, reflects, evidences, or relates to any discussion of your business
practices by a News Reporting Establishment.

**RESPONSE NO. 24**

Ameriquest objects to Request No. 24 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence and fails to set forth the category of

documents sought with reasonable particularity. Ameriquest further objects to Request No. 24 to

the extent that that it seeks information and documents for any time period other than that within

the applicable statute of limitations. Ameriquest further objects to Request No. 24 on the

grounds that it calls for the disclosure of confidential and proprietary business and financial

information of Ameriquest. Ameriquest further objects to Request No. 24 to the extent that it

seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 24 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

## REQUEST NO. 25

Copies of all of Defendant's data archive tapes backing up its database for mortgage loans (or any other database that includes the information listed in the subparts below) that were either made in Massachusetts during the Relevant Time Period or which cover Massachusetts accounts that were active during the Relevant Time Period. The tapes must include the following information, to the extent that it is stored electronically:

a. the primary borrower's name and address,;
b. the co-borrower's name and address;
c. the loan number;
d. the source of the application and the terms on which the borrower applied for credit;
e. the credit score and credit tier assigned to the borrowers including any exception codes;
f. the loan program applicable to the account;
g. the individual terms applicable to the account, both at the start of the contract, and during the life of the loan including, without limitation, the number or amount of any points paid, the amount of any discount to the rate, the term of the loan, the "contract APR", the amount of finance charges, the amount financed, the amount of the monthly payment, the number of months the loan is to be paid, and the date of the first payment;
h. the amount of Commissions paid to any employee;
i. whether the loan was an initial advance by Ameriquest or the refinancing of an earlier Ameriquest loan;
j. documents sufficient to identify the data fields in the electronic data tapes and their contents, along with their order in data tape, including without limitation, all documents explaining the abbreviations used for the data fields.

## RESPONSE NO. 25

Ameriquest objects to Request No. 25 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 25 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 25 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 25 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 25 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance. Ameriquest further objects to Request No. 25 to the

extent that it seeks the disclosure of private borrower information that is protected by federal and

state privacy laws. Ameriquest further objects to Request No. 26 to the extent that it calls for

confidential private information or documents concerning Ameriquest employees and implicates

employee privacy rights that may be protected by federal and state privacy laws.

**REQUEST NO. 26**

For 250 randomly selected mortgage loans made in Massachusetts during the relevant time period, copies of the Truth in Lending disclosures, the note, the mortgage, notices of right to cancel, the settlement sheet, disclosure statements, notice of adverse action, and any other documents you contend were provided to the borrowers in said loans at the time of loan closing.

**RESPONSE NO. 26**

Ameriquest objects to Request No. 26 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 26 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 26 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 26 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 26 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance. Ameriquest further objects to Request No. 26 to the extent that it seeks the disclosure of private borrower information that is protected by federal and state privacy laws.

Subject to and without waiving the foregoing objections, Ameriquest has produced non-confidential documents from plaintiffs' loan files and subject to the entry of a confidentiality order, Ameriquest will produce the remaining documents contained in plaintiffs' loan files.

**REQUEST NO. 27**

Each document concerning any variable rate program offered by the Defendant during the Relevant Time Period.

**RESPONSE NO. 27**

Ameriquest objects to Request No. 27 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 27 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 27 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 27 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 27 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

**REQUEST NO. 28**

Each document concerning any program, process or underwriting guideline the Defendant uses to assign rates to borrowers based on their credit characteristics or credit score.

**RESPONSE NO. 28**

Ameriquest objects to Request No. 28 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 28 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 28 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 28 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 28 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance. Ameriquest further objects to Request No. 28 to the extent that it seeks the disclosure of private borrower information that is protected by federal and state privacy laws.

Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, Ameriquest will produce its underwriting guidelines in effect during the origination of plaintiffs' loan transactions.

**REQUEST NO. 29**

Each document concerning any policy, program, or practice with respect to marketing of Ameriquest loans to its existing customers.

**RESPONSE NO. 29**

Ameriquest objects to Request No. 29 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 29 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 29 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 29 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 29 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

**REQUEST NO. 30**

Each document, video tape or computer program used by the Defendant to train its Massachusetts-based on employees on their responsibilities in connection with mortgage loans made in Massachusetts.

**RESPONSE NO. 30**

Ameriquest objects to Request No. 30 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 30 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 30 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 30 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 30 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, Ameriquest will produce its training materials in connection with Massachusetts loans during the statute of limitations period applicable to this action.

**REQUEST NO. 31**

Each document, video tape or computer program used by the Defendant to train its employees in connection with marketing of Ameriquest loans to its existing customers.

**RESPONSE NO. 31**

Ameriquest objects to Request No. 31 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 31 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 31 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 31 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 31 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

**REQUEST NO. 32**

All policy and procedure manuals or other compilations used to administer Defendant's mortgage lending program.

**RESPONSE NO. 32**

Ameriquest objects to Request No. 32 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 32 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 32 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 32 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 32 to the extent that it seeks to discover documents or information pertaining to individual putative class members other than the named plaintiffs or documents or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance.

**REQUEST NO. 33**

All advertisements, flyers or promotional materials used to market Defendant's mortgage lending program in Massachusetts.

**RESPONSE NO. 33**

Ameriquest objects to Request No. 33 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 33 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 33 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 33 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 33 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

**REQUEST NO. 34**

All training materials that any of your employees have received from any source concerning compliance with state or federal law during the Relevant Time Period.

**RESPONSE NO. 34**

Ameriquest objects to Request No. 34 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 34 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 34 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 34 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 34 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

Subject to and without waiving the foregoing objections, and subject to the entry of a

confidentiality order, Ameriquest will produce its training materials in connection with the

compliance with state or federal law during the statute of limitations period applicable to this action.

## REQUEST NO. 35

All documents identifying or discussing the types of data relating to Defendant's residential
mortgage loan business stored, recorded, or maintained by Defendant in any electronic or computer
databases.

## RESPONSE NO. 35

Ameriquest objects to Request No. 35 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 35 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 35 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 35 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 35 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

## REQUEST NO. 36

All documents identifying or discussing the manner or storage and retrieval of data relating
to Defendant's residential mortgage loan business stored, recorded, or maintained by Defendant in
any electronic or computer databases.

## RESPONSE NO. 36

Ameriquest objects to Request No. 36 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 36 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 36 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 36 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 36 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

## REQUEST NO. 37

All documents discussing or explaining the operation of Defendant's computerized database
systems relating to Defendant's residential mortgage loan business.

## RESPONSE NO. 37

Ameriquest objects to Request No. 37 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, and fails to set forth the category of

documents sought with reasonable particularity. Ameriquest further objects to Request No. 37 to

the extent that that it seeks information and documents for any time period other than that within

the applicable statute of limitations. Ameriquest further objects to Request No. 37 on the

grounds that it calls for the disclosure of confidential and proprietary business and financial

information of Ameriquest. Ameriquest further objects to Request No. 37 to the extent that it

seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 37 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

## REQUEST NO. 38

All documents identifying, describing, discussing or referencing formal or informal policies
and procedures established and/or followed by Defendant for backing-up files and data, including
the frequency of backup, the type of backup (full, partial, incremental), the software used during
such period, the number of tapes or other media, and the rotation of such media.

**RESPONSE NO. 38**

Ameriquest objects to Request No. 38 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Request No. 38 to the extent that that it seeks information and documents for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to Request

No. 38 on the grounds that it calls for the disclosure of confidential and proprietary business and

financial information of Ameriquest. Ameriquest further objects to Request No. 38 to the extent

that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 38 to the extent that it seeks

to discover documents or information pertaining to individual putative class members other than

the named plaintiffs or documents or information concerning the merits of the putative class

action (as opposed to the named plaintiffs' individual claims) or concerning whether a class

should be certified in the first instance.

**REQUEST NO. 39**

Each document that records, reflects, or evidences any report received from or prepared by
any expert witness who has been retained or specifically employed by you and who is expected to
testify at the trial of this case.

**RESPONSE NO. 39**

Ameriquest objects to Request No. 39 to the extent that it imposes an obligation beyond

those set forth in the Federal Rules of Civil Procedure and the Local Rules of the District of

Massachusetts and any applicable pretrial order by the Court.

Subject to and without waiving the foregoing objections, Ameriquest states that it has not

yet retained or employed an expert who is expected to testify at the trial of this case and who has

provided an expert report, but Ameriquest will identify such report as called for under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts and any applicable order by the Court. In further answering, whether Ameriquest will call an expert witness and the substance of any report that may be given by such expert witness may depend on the substance of any expert opinion or report proffered by plaintiffs. Ameriquest reserves the right to identify any experts and the substance of the facts and opinions about which they are expected to testify once plaintiffs have produced any expert reports or any expert witnesses they intend to call and the substance of the facts and opinions about which they are expected to testify.

**REQUEST NO. 40**

All documents that you intend to use or introduce at the time of trial of this matter.

**RESPONSE NO. 40**

Ameriquest objects to Request No. 40 to the extent that it imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts and any applicable pretrial order by the Court.

Subject to and without waiving the foregoing objections, Ameriquest states that it has not yet determined what documents it intends to introduce at the time of trial, but will identify such documents as called for under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts and any applicable pretrial order by the Court.

AMERIQUEST MORTGAGE COMPANY, INC.,

By its attorneys,

R. Bruce Allensworth (BBO #015820)
    ballensworth@klng.com
Phoebe S. Winder (BBO #567103)
    pwinder@klng.com
Brian M. Forbes (BBO #644787)
    bforbes@klng.com
Ryan M. Tosi (BBO #661080)
    rtosi@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
617-261-3100
617-261-3175 (fax)

Dated: June 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2005, I served a true copy of the foregoing document by first-class mail, postage prepaid, upon the following:

Gary Klein, Esq.
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111

_____
Brian M. Forbes

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ISABELLE M. MURPHY,<br>DAVID R. MURPHY,<br>LYNN GAY,<br>DAVID M. WAKEFIELD, and<br>JANET WAKEFIELD,<br><br>Individually and on behalf of all others<br>similarly situated,<br>               Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-12651-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S**
**RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to the Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of

the Local Rules for the United States District Court for the District of Massachusetts, defendant

Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby responds to Plaintiffs' First Set of

Interrogatories ("Plaintiffs' Interrogatories").

**SPECIFIC OBJECTIONS OF GENERAL APPLICABILITY**

Ameriquest makes the following objections of general applicability to Plaintiffs'

Interrogatories, including specific objections to the definitions and instructions set forth in

therein.

    1.    Ameriquest objects to Plaintiffs' Interrogatories to the extent that they seek to

discover information pertaining to individual putative class members other than the named

plaintiffs or information concerning the merits of the putative class action (as opposed to the

named plaintiffs' individual claims) or concerning whether a class should be certified in the first

instance.

2.    Ameriquest objects to Plaintiffs' Interrogatories to the extent that they seek to impose a burden upon Ameriquest beyond that set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. Further, in responding to Plaintiffs' Interrogatories, Ameriquest will assign to each word its everyday meaning and has construed the language of each request in light of the scope of discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, or is inconsistent with the definitions provided by the Local Rules of the United States District Court for the District of Massachusetts.

3.    Ameriquest objects to Plaintiffs' Interrogatories to the extent that they call for the identification or production of attorney-client privileged documents, attorney work product, documents otherwise privileged or protected by Fed. R. Civ. P. 26(b)(3) or documents otherwise protected under applicable law.

4.    Ameriquest objects to Plaintiffs' Interrogatories to the extent that they seek to impose an obligation upon Ameriquest to provide continuing responses in addition to and other than as specifically required by Rule 26(e) of the Federal Rules of Civil Procedure.

5.    Ameriquest objects to Plaintiffs' Interrogatories to the extent that they seek the identification of information that may be responsive to the Interrogatories, but that are not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence.

6.    Ameriquest objects to Plaintiffs' Interrogatories to the extent that they call for the disclosure of confidential and proprietary business and financial information of Ameriquest. At a minimum, Ameriquest objects to disclosing or producing such information absent an order by the Court sufficiently protecting the confidentiality of such information. Ameriquest further

objects to producing specific information concerning borrowers that is protected on privacy grounds.

7.      Ameriquest objects to Plaintiffs' Interrogatories to the extent that they call upon Ameriquest to identify "all" persons or "all" information on the grounds that such demands are overly broad and seek to impose an undue burden upon Ameriquest and calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Ameriquest objects to Plaintiffs' Interrogatories to the extent that they seek the identification of information that is not in the possession, custody, or control of Ameriquest.

9.      Ameriquest objects to plaintiffs' definition of the term "relevant time period" as overly broad, unduly burdensome, vague and ambiguous and fails to set forth the categories of information sought with reasonable particularity and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ameriquest further objects to such definition to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

10.      Ameriquest's search for information relevant to issues in this action is continuing. Ameriquest's objections and responses to Plaintiffs' Interrogatories are based only upon such information that is available to it at the time of this response.  Further investigation in this action may disclose additional information that is requested by plaintiffs.  Ameriquest reserves that right to modify or supplement any and all of its objections and responses to Plaintiffs' Interrogatories as additional information are obtained or become available or known to it.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

Ameriquest hereby incorporates by reference each of the foregoing specific objections of general applicability, as if fully set forth therein, in its response to each of the numbered

Interrogatories set forth below.

**INTERROGATORY NO. 1:**

Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period and provide the date of the loan.

**ANSWER NO. 1:**

Ameriquest objects to Interrogatory No. 1 on the grounds that it is overly broad, unduly

burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, and to the extent that it seeks to discover information

pertaining to individual putative class members other than the named plaintiffs or information

concerning the merits of the putative class action (as opposed to the named plaintiffs' individual

claims) or concerning whether a class should be certified in the first instance. Ameriquest

further objects to Interrogatory No. 1 on the grounds that it seeks the disclosure of confidential

and proprietary business and financial information of Ameriquest and seeks the disclosure of

private borrower information that is protected by federal and state privacy laws. Ameriquest

further objects to Interrogatory No. 1 to the extent that it seeks information for any time period

other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest identifies Isabelle M.

and David R. Murphy, loan no. 0076237486-5609 dated April 22, 2004; Lynn M. Gay, loan no.

0044563724-5609, dated March 14, 2003, and loan no. 0053225926-7403, dated September 2,

2003; and David M. and Janet Wakefield loan no. 0046273900-9603, dated April 17, 2003 and loan

no. 0066656760-7374, dated January 15, 2004.

**INTERROGATORY NO. 2:**

Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period who paid a fee denominated by the Defendant as "Discount Points" and state the dollar amount of said fee and the number of points paid.

**ANSWER NO. 2:**

Ameriquest objects to Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks to discover information pertaining to individual putative class members other than the named plaintiffs or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance. Ameriquest further objects to Interrogatory No. 2 on the grounds that it improperly calls for an examination of the specific circumstances of each individual loan transaction for each borrower in Massachusetts for whom Ameriquest has ever originated a loan.

Ameriquest further objects to Interrogatory No. 2 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest and seeks the disclosure of private borrower information that is protected by federal and state privacy laws. Ameriquest further objects to Interrogatory No. 2 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest identifies plaintiffs Murphy as having paid a loan discount of 3.326% totaling $8,537.18 in connection with the loan dated April 22, 2004 and plaintiff Gay as having paid a loan discount of 3.800% totaling $9,944.60 in connection with the loan dated March 14, 2003 and a loan discount of 3.800% totaling $11,583.00 in connection with the loan dated September 3, 2003.

**INTERROGATORY NO. 3:**

Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period whose loan includes a provision for a variable rate that can increase but cannot decrease from the interest rate in effect on the date of the transaction.

## ANSWER NO. 3:

Ameriquest objects to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and to the extent that it seeks to discover information pertaining to individual putative class members other than the named plaintiffs or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance. Ameriquest further objects to Interrogatory No. 3 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest and seeks the disclosure of private borrower information that is protected by federal and state privacy laws. Ameriquest further objects to Interrogatory No. 3 on the grounds that it improperly calls for an examination of the specific circumstances of each individual loan transaction for each borrower in Massachusetts for whom Ameriquest has ever originated a loan. Ameriquest further objects to Interrogatory No. 3 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest identifies plaintiffs Murphy, Wakefield and Gay.

## INTERROGATORY NO. 4:

Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period who did not receive a loan on the terms reflected in the initial credit application.

## ANSWER NO. 4:

Ameriquest objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous as to the phrase "initial credit application," seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks to discover information pertaining to individual putative class members other than the named plaintiffs or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance. Ameriquest further objects to Interrogatory No. 4 on the grounds that it improperly calls for an examination of the specific circumstances of each individual loan transaction for each borrower in Massachusetts for whom Ameriquest has ever originated a loan. Ameriquest further objects to Interrogatory No. 4 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest and seeks the disclosure of private borrower information that is protected by federal and state privacy laws. Ameriquest further objects to Interrogatory No. 4 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest refers to the loan files for each named plaintiffs' loan, which includes the credit application and the final loan documents for each named plaintiffs' loan.

**INTERROGATORY NO. 5:**

Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period and then refinanced said mortgage loan with a new loan from Ameriquest.

**ANSWER NO. 5:**

Ameriquest objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks to discover information pertaining to individual putative class members other than the named plaintiffs or information concerning the merits of the putative class action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance. Ameriquest further objects to Interrogatory No. 5 on the grounds that it improperly calls for an examination of the specific circumstances of each individual loan transaction for each borrower in Massachusetts for whom Ameriquest has ever originated a loan. Ameriquest further objects to Interrogatory No. 5 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest and seeks the disclosure of private borrower information that is protected by federal and state privacy laws. Ameriquest further objects to Interrogatory No. 5 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest refers to the loan files for each named plaintiffs' loan.

**INTERROGATORY NO. 6:**

Identify the three employees of Defendant with the most knowledge of the policies, criteria and guidelines that Defendant used in determining the terms (including but not limited to the interest rate and prepaid finance charge, discount points, origination fees, variable rates and underwriting criteria) of mortgage loans that Defendant made in Massachusetts during the Relevant Time Period.

**ANSWER NO. 6:**

Ameriquest objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the phrase "determining the terms," the term "made,"

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence, and to the extent that it seeks to discover information pertaining to

individual putative class members other than the named plaintiffs or information concerning the

merits of the putative class action (as opposed to the named plaintiffs' individual claims) or

concerning whether a class should be certified in the first instance. Ameriquest further objects to

Interrogatory No. 6 on the grounds that the phrase "most knowledge" improperly calls for

opinion and qualitative analysis of individual states of mind as opposed to fact. Ameriquest

further objects to Interrogatory No. 6 on the grounds that it seeks the disclosure of confidential

and proprietary business and financial information of Ameriquest. Ameriquest further objects to

Interrogatory No. 6 to the extent that it seeks information for any time period other than that

within the applicable statute of limitations. Ameriquest further objects to Interrogatory No. 6 on

the grounds that it improperly calls for an examination of the specific circumstances of each

individual loan transaction for each borrower in Massachusetts for whom Ameriquest has ever

originated a loan. Ameriquest further objects to Interrogatory No. 6 to the extent that it imposes

an obligation beyond Fed. R. Civ. P. 30(b)(6).

**INTERROGATORY NO. 7:**

Identify the three employees of Defendant with the most knowledge of the policies, criteria
and guidelines that Defendant used in marketing mortgage loans that Defendant made in
Massachusetts during the Relevant Time Period.

**ANSWER NO. 7:**

- 9 -

Ameriquest objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the phrase "marketing mortgage loans" and the term

"made," seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, and to the extent that it seeks to discover information

pertaining to individual putative class members other than the named plaintiffs or information

concerning the merits of the putative class action (as opposed to the named plaintiffs' individual

claims) or concerning whether a class should be certified in the first instance. Ameriquest

further objects to Interrogatory No. 7 on the grounds that the phrase "most knowledge"

improperly calls for opinion and qualitative analysis of individual states of mind as opposed to

fact. Ameriquest further objects to Interrogatory No. 7 on the grounds that it improperly calls for an

examination of the specific circumstances of each individual loan transaction for each borrower in

Massachusetts for whom Ameriquest has ever originated a loan. Ameriquest further objects to

Interrogatory No. 7 on the grounds that it seeks the disclosure of confidential and proprietary

business and financial information of Ameriquest. Ameriquest further objects to Interrogatory

No. 7 to the extent that it seeks information for any time period other than that within the

applicable statute of limitations. Ameriquest further objects to Interrogatory No. 7 to the extent

that it imposes an obligation beyond Fed. R. Civ. P. 30(b)(6).

**INTERROGATORY NO. 8:**

Identify the three employees of the Defendant with the most knowledge of the databases
used to record information about mortgage loans that Defendant made in Massachusetts during the
Relevant Time Period.

**ANSWER NO. 8:**

Ameriquest objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the phrase "used to record information" and the term

"made," seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, and to the extent that it seeks to discover information

pertaining to individual putative class members other than the named plaintiffs or information

concerning the merits of the putative class action (as opposed to the named plaintiffs' individual

claims) or concerning whether a class should be certified in the first instance. Ameriquest

further objects to Interrogatory No. 8 on the grounds that the phrase "most knowledge"

improperly calls for opinion and qualitative analysis of individual states of mind as opposed to

fact. Ameriquest further objects to Interrogatory No. 8 on the grounds that it seeks the disclosure

of confidential and proprietary business and financial information of Ameriquest. Ameriquest

further objects to Interrogatory No. 8 to the extent that it seeks information for any time period

other than that within the applicable statute of limitations. Ameriquest further objects to

Interrogatory No. 8 to the extent that it imposes an obligation beyond Fed. R. Civ. P. 30(b)(6).

**INTERROGATORY NO. 9:**

Identify the three employees of Defendant with the most knowledge of employee training programs covering mortgage lending issues utilized by the Defendant during the Relevant Time Period.

**ANSWER NO. 9:**

Ameriquest objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the phrase "programs covering mortgage lending issues

utilized by," seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, and to the extent that it seeks to discover information to

individual putative class members other than the named plaintiffs or information concerning the

merits of the putative class action (as opposed to the named plaintiffs' individual claims) or

concerning whether a class should be certified in the first instance. Ameriquest further objects to

Interrogatory No. 9 on the grounds that the phrase "most knowledge" improperly calls for

opinion and qualitative analysis of individual states of mind as opposed to fact. Ameriquest

further objects to Interrogatory No. 9 on the grounds that it seeks the disclosure of confidential

and proprietary business and financial information of Ameriquest. Ameriquest further objects to

Interrogatory No. 9 to the extent that it seeks information for any time period other than that

within the applicable statute of limitations. Ameriquest further objects to Interrogatory No. 9 to

the extent that it imposes an obligation beyond Fed. R. Civ. P. 30(b)(6).

**INTERROGATORY NO. 9:**[1]

Identify the three employees of Defendant with the most knowledge of Defendant's policies, criteria and guidelines for complying with state or federal Truth-in-Lending laws.

**ANSWER NO. 9:**

Ameriquest objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly

burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, and to the extent that it seeks to discover information

pertaining to individual putative class members other than the named plaintiffs or information

concerning the merits of the putative class action (as opposed to the named plaintiffs' individual

claims) or concerning whether a class should be certified in the first instance. Ameriquest

further objects to Interrogatory No. 9 on the grounds that the phrase "most knowledge"

improperly calls for opinion and qualitative analysis of individual states of mind as opposed to

fact. Ameriquest further objects to Interrogatory No. 9 on the grounds that it seeks the disclosure

of confidential and proprietary business and financial information of Ameriquest. Ameriquest

further objects to Interrogatory No. 9 to the extent that it seeks information for any time period

---

[1] There are two interrogatories labeled as "Interrogatory No. 9."

- 12 -

other than that within the applicable statute of limitations. Ameriquest further objects to

Interrogatory No. 9 to the extent that it imposes an obligation beyond Fed. R. Civ. P. 30(b)(6).

**INTERROGATORY NO. 10:**

Identify all employees of Defendant with knowledge of or information about the
circumstances of the Plaintiffs' Transactions with Defendant.

**ANSWER NO. 10:**

Ameriquest objects to Interrogatory No. 10 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the phrase "circumstances of" and seeks information

that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ameriquest further objects to Interrogatory No. 10 on the grounds that it seeks the disclosure of

confidential and proprietary business and financial information of Ameriquest. Ameriquest

further objects to Interrogatory No. 10 to the extent that it seeks information for any time period

other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest identifies, without

limitation, the following individuals likely to have information concerning the origination of the

named plaintiffs' loan transactions with Ameriquest:

(1)   **Borrower(s) Name:** Murphy
      **Loan Number:** 0076237486 - 5609

      **Persons Likely to have Information Regarding the Origination of Borrower's
      Loans**

      **Account Executive:**          Jason Kerr (current Ameriquest employee)
      **Loan Coordinator:**           Jacqueline M. Allen (former Ameriquest employee)
                                      31 Melrose St. #1
                                      Boston, MA 02116
                                      (617) 482-0114
      **Loan Origination Officer:**   Eric Wittenhagen (current Ameriquest employee)

(2)   **Borrower(s) Name:** Gay
      **Loan Number:** 0044563724 - 5609

**Persons with Knowledge Regarding the Origination of Borrower's Loan**

| | |
|---|---|
| **Account Executive:** | Matthew A. Macero (former Ameriquest employee) |
| | 28 Cosma Rd. |
| | N. Easton, MA 02356 |
| | (508) 238-5319 |
| **Loan Coordinator:** | Jennifer L. Patti (former Ameriquest employee) |
| | 23 Hardy Rd. |
| | Londonderry, NH 03053 |
| | (978) 479-4337 |

**(3)**    **Borrower(s) Name:**  Gay
**Loan Number:** 0053225926 - 7403

**Persons with Knowledge Regarding the Origination of Borrower's Loan**

| | |
|---|---|
| **Account Executive:** | Salvador E. Serrano (former Ameriquest employee) |
| | 1420 Lake Blvd., #3 |
| | Davis, CA 95616 |
| | (530) 750-7813 |
| **Loan Coordinator:** | Yvette DeFrance (current Ameriquest employee) |

**(4)**    **Borrower(s) Name:**  Wakefield
**Loan Number:** 0046273900 - 9603

**Persons with Knowledge Regarding the Origination of Borrower's Loan**

| | |
|---|---|
| **Account Executive:** | James Ding (former Ameriquest employee, wholesale division, current Argent Mortgage Company employee) |
| **Account Manager:** | Lily Lockwood (former Ameriquest employee, current Argent Mortgage Company employee) |

**(5)**    **Borrower(s) Name:**  Wakefield
**Loan Number:** 0066656760 - 7374
**Persons with Knowledge Regarding the Origination of Borrower's Loan**

| | |
|---|---|
| **Account Executive:** | Kevin H. Nguyen (former Ameriquest employee) |
| | 7141 Snowy Birch Way |
| | Sacramento, CA 95823 |
| | (408) 489-2942 |
| **Loan Coordinator:** | Brent Tatum (current Ameriquest employee) |

**(6)**    **Borrower(s) Name:**  Wakefield
**Loan Number:** 0072104763 - 7374

**Persons with Knowledge Regarding the Origination of Borrower's Loan**

| | |
|---|---|
| **Account Executive:** | Steven Loya (current Ameriquest employee) |
| **Loan Coordinator:** | Sarah DeVore (current Ameriquest employee) |

**INTERROGATORY NO. 11:**

Identify every lawsuit initiated against Defendant during the Relevant Time Period in any state or federal (including bankruptcy) court in the United States in which a claim or claims have been raised based on Defendant violating any state or federal law.

## ANSWER NO. 11:

Ameriquest objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly

burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 11 on the

grounds that it seeks the disclosure of confidential and proprietary business and financial

information of Ameriquest. Ameriquest further objects to Interrogatory No. 11 to the extent that

it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Interrogatory No. 11 to the extent that it

seeks information for any time period other than that within the applicable statute of limitations.

## INTERROGATORY NO. 12:

Describe the policies, criteria, and underwriting guidelines Defendant used in determining the terms (including but not limited to the interest rate and prepaid finance charge, discount points, origination fees, variable rates and prepayment penalties) of Plaintiffs' Transactions with Defendant.

## ANSWER NO. 12:

Ameriquest objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the phrase "in determining the terms" and seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Ameriquest further objects to Interrogatory No. 12 on the grounds that it

characterizes Ameriquest's "policies, criteria and underwriting guidelines" as determining the

terms of the named plaintiffs' loans. Ameriquest further objects to Interrogatory No. 12 on the

grounds that it seeks the disclosure of confidential and proprietary business and financial

information of Ameriquest. Ameriquest further objects to Interrogatory No. 12 to the extent that

- 15 -

it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Interrogatory No. 12 to the extent that it

seeks information for any time period other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest refers to plaintiffs'

loan files and subject to a confidentiality order, Ameriquest will produce underwriting guidelines

in place at the time of plaintiffs' transactions. Ameriquest further states that the terms of the

loans are a result of a number of factors, including, without limitation, the borrowers'

preferences and requests and general underwriting guidelines in place at the time of the

plaintiffs' transactions.

**INTERROGATORY NO. 13:**

Identify all persons who implemented the policies, criteria and underwriting guidelines
Defendant used in determining the terms (including but not limited to the interest rate and prepaid
finance charge, discount points, origination fees, variable rates) in Plaintiffs' Transactions with
Defendant.

**ANSWER NO. 13:**

Ameriquest objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous as to the term "implemented" and the phrase "determining

the terms" and seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 13 on the

grounds that it seeks the disclosure of confidential and proprietary business and financial

information of Ameriquest. Ameriquest further objects to Interrogatory No. 13 on the grounds

that it characterizes Ameriquest's "policies, criteria and underwriting guidelines" as determining

the terms of the named plaintiffs' loans. Ameriquest further objects to Interrogatory No. 13 to

the extent that it seeks information that may be protected by the attorney work product doctrine

and/or the attorney client privilege. Ameriquest further objects to Interrogatory No. 13 to the

extent that it seeks information for any time period other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest refers to Answer No. 10. Ameriquest further states that the terms of the loans are a result of a number of factors, including, without limitation, the borrowers' preferences and requests and general underwriting guidelines in place at the time of the plaintiffs' transactions.

## INTERROGATORY NO. 14:

Identify every person whom Defendant expects to call, if any, as an expert witness on any issue relating to the maintenance of this case as a class action.

## ANSWER NO. 14:

Ameriquest objects to Interrogatory No. 14 to the extent that it imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts and any applicable pretrial order by the Court.

Subject to and without waiving the foregoing objections, Ameriquest states that it has not yet determined what expert witnesses it expects to call, but will identify such witnesses as called for under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts and any applicable order by the Court. In further answering, whether Ameriquest will call an expert witness and the substance of any testimony that may be given by such expert witness may depend on the substance of any expert opinion proffered by plaintiffs in support of class certification. Ameriquest reserves the right to identify any experts and the substance of the facts and opinions about which they are expected to testify once plaintiffs have identified any expert witnesses they intend to call and the substance of the facts and opinions about which they are expected to testify.

The foregoing responses of Ameriquest Mortgage Company, Inc. to Plaintiffs' First Set of Interrogatories are true and correct to the best of my knowledge information and belief.

Signed this 9th day of June, 2005

AMERIQUEST MORTGAGE COMPANY, INC.

By:     Carol Melber
Title:    Litigation Support Manager
        Ameriquest Mortgage Company, Inc.

**As To Objections:**

R. Bruce Allensworth (BBO #015820)
    ballensworth@klng.com
Phoebe S. Winder (BBO #567103)
    pwinder@klng.com
Brian M. Forbes (BBO #644787)
    bforbes@klng.com
Ryan M. Tosi (BBO #661080)
    rtosi@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
617-261-3100
617-261-3175 (fax)

Dated: June 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2005, I served a true copy of the foregoing document by first-class mail, postage prepaid, upon the following:

Gary Klein, Esq.
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111

_____
Brian M. Forbes

### RODDY KLEIN & RYAN

Attorneys at Law

———

727 Atlantic Ave., 2nd Floor
Boston, Massachusetts 02111

Gary Klein

Tel. (617) 357-5500 x 15
Fax (617) 357-5030
klein@roddykleinryan.com

June 23, 2005

R. Bruce Allensworth
Kirkpatrick & Lockhart
75 State Street
Boston, MA 02119

   Re: <u>Murphy et al. v. Ameriquest Mortgage Co.</u>
      <u>Civil Action No. 04-12651-RWZ</u>

Dear Bruce:

  I am writing in response to your client's Responses and Objections to Plaintiffs' First Interrogatories and Requests for Documents, in the above-referenced case.

  You have raised multiple general and specific objections to every one of our discovery requests. While we disagree with virtually all of your objections, and believe that we are entitled to the information we have requested, in the interest of attempting to resolve our disputes informally, we would like to confer to discuss mutually agreeable and reasonable measures to narrow our requests, and in accordance with Local Rule 37.1(a).

  In the following paragraphs I have outlined our legal responses to many of your objections.  I have not undertaken a detailed response to each objection separately, as the objections frequently overlap, and apply to multiple requests.  I also note at the outset that you have agreed to produce "non-confidential documents from Plaintiffs' loan files," Ameriquest's underwriting guidelines, Best Practices guidelines and employee training materials in effect during the origination of Plaintiffs' transactions, despite your objections and/or subject to your objections. We have not as yet, however, received any responsive documents, so at this point we cannot respond specifically to the objections to these requests, not knowing what documents you will ultimately produce.

  In addition, you have raised privileges both as a general objection and as an objection to specific requests, but we have not yet received a privilege log, as required by Fed. R. Civ. P. 26(b)(5). Please provide us with the documents you intend to produce and a privilege log as soon as possible, so that we may resolve our disputes quickly.

In light of the fact that you have objected to nearly all of our Interrogatories, except for one (14), and every one of our Discovery Requests based on the grounds that they seek confidential and proprietary business and financial information about Ameriquest, I would like to remind you that I sent you an executed copy of the stipulation and confidentiality order we agreed upon on June 14, 2005. I expect that your client will produce the documents subject to this order very quickly after it is signed.

## Objections Which Apply to Multiple Requests

    *1.    Discovery Requests Pertaining To Class Certification Issues*

You have objected Interrogatories 1-9, and Document Requests 8, 11-17, and 19-35, on the grounds that they seek information about individual putative class members other than the named Plaintiffs concerning the merits of the putative action or concerning whether a class should be certified in the first instance.

In our Joint Statement for Scheduling Conference dated March 2, 2005, now embodied in the court's March 14, 2005 Scheduling Order, we agreed that discovery will be conducted in two phases. Phase I, "should be directed to the issue of class certification and the merits of the named Plaintiffs' individual claims…so that the Court may determine as soon as practicable whether this action meets the standards under Rule 23 of the Federal Rules of Civil Procedure for class action treatment." (March 2, 2005 Joint Statement, p. 3). The court's Scheduling Order sets a deadline for October 31, 2005 for the completion of all discovery pertaining to class certification. (March 14, 2005 Scheduling Order, p. 1).

It is our position that we are entitled to information as to both the identity and number of putative class members, as well as the extent to which putative class members were treated similarly to the Plaintiffs, and have the same or similar claims. Each of these elements is pertinent to class certification under Rule 23. *See, Rodriguez v. Banco Central,* 102 F.R.D. 897, 903 (D.C.Puerto Rico, 1984) (discovery must be procured in order to determine whether the action may proceed as a class action); *Bessette v. Avco Financial Services, Inc.*, 279 B.R. 442, 452 (D.R.I.,2002) (allowing discovery to proceed before court determines certification); *Yaffe v. Powers,* 454 F.2d 1362 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23"); *Pittman v. E.I. duPont de Nemours & Co.,* 552 F.2d 149 (5th Cir. 1977) (discovery is essential in order to determine the class action issue and the proper scope of the class action, and plaintiff is entitled to some leeway in attempting to define the proper parameters of his proposed class.).

In Interrogatories 1-5, we are seeking information that is relevant to the size of the putative class, an essential factor in determining numerosity under Fed. R. Civ. P. 23(a)(1). These Interrogatories further seek information relating to whether putative class

members share common facts and claims and whether Plaintiffs' claims are typical to those of the putative class as required by Fed. R. Civ. P. 23(a)(2) and (3). Interrogatories 6-9 ask for the identity of employees of Ameriquest who are most knowledgeable about Ameriquest's policies and practices at issue in this case. This information is relevant for identifying potential deponents who have information relevant both to the claims of the named Plaintiffs as well as for determining whether putative class members were treated similarly to the Plaintiffs.

    2.    *Overly Broad, Unduly Burdensome And Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence.*

You have objected to Interrogatories 1-9 and all but two of our Document Requests (39-40), on the grounds that the requests are overly broad, unduly burdensome, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

As an initial matter, general, unspecified objections to interrogatories are insufficient. *Josephs v. Harris Corp.*, 677 F.2d 985 (3rd Cir. 1982); *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections are insufficient). Moreover, relevance in the context of discovery is construed more liberally than at trial. *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994). Thus, information which is reasonably likely to lead to "other matter which could bear on any issue that is or may be in the case" is relevant. *Id.* (citing *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 104 (D.N.J. 1989)).

We maintain that each of our interrogatories and document requests are directly relevant to the claims alleged in Plaintiffs' original and First Amended Complaints. Document Request 8, for example, asks for documents relating to Ameriquest's policy or practice of charging discount points to borrowers, which is one of several loan terms that Plaintiffs' allege Ameriquest failed to fully disclose. (Amended Complaint, ¶¶154, 155). Part of the class definition for the "deceptive loan terms" class (Class I) is all residents of Massachusetts "who paid fees itemized by Ameriquest as "loan discount fees." Thus, this request is relevant both to the merits of the named Plaintiffs' as well as for issues pertaining to class certification.

In addition, an interrogatory is not objectionable simply because it seeks information which requires research and compilation of data. *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406 (E.D. Pa. 1996); *Naglak v. Pennsylvania State University*, 133 F.R.D. 18 (M.D.Pa. 1990); *American Oil Company v. Pennsylvania Petroleum Products Company*, 23 F.R.D. 680, 683 (D. R.I. 1959). A party asserting such an objection must show specifically how, "despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the

nature of the burden." *Roesberg v. Johns-Manville Corp.* 85 F.R.D. 292, 296-97
(D.C.Pa., 1980), *citations omitted.* A burdensome objection "must show specifically how
an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or
offering evidence which reveals the nature of the burden." *Chubb Integrated Systems v.
Nat'l Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984). "[T]he mere statement
by a party that [an] interrogatory was overly broad, burdensome, oppressive and
irrelevant is not adequate to voice a successful objection to an interrogatory." *Josephs v.
Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester,*
166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal
rules). Moreover, if "interrogatories are relevant, the fact that they involve work,
research and expense is not sufficient to render them objectionable. *U.S. v. Nysco
Laboratories, Inc.* 26 F.R.D. 159, 161-62 (E.D.N.Y., 1960).

Data regarding borrowers who were charged "Discount Points," as requested in
Interrogatory 2, for example, is presumably contained in your electronic files, and we
would expect that it is readily available to you. Such information is relevant both to the
substantive claims and to class certification issues such as numerosity and commonalty
(i.e. to what extent Plaintiffs' experience is similar to other customers). *See* Fed.R.Civ.P.
23(a)(2). If the requested information is not contained in readily accessible electronic
records, we would be willing to discuss a modification to these requests to obtain
necessary information without imposing an undue burden on the Defendant.

      3.    *Privacy*

      You have objected to Interrogatories 1-5, and Document Requests 2, 5, 10-11, 22-
23, 25-26, and 28 on the grounds that they seek confidential private information
concerning Ameriquest employees and/or borrowers which may be protected by federal
and state privacy laws.

      To the extent that the requested documents contain any identifying information
about a Borrower or employee we would be willing to discuss an agreement to preserve
the confidentiality of any personal financial information contained in the information we
have requested.

      4.    *Privileges*

      You have raised the attorney-client and/or work product privilege as an objection
to Interrogatories 11-13, and almost every one of our Discovery Requests, except for 5-6,
and 28.

      Interrogatory 11 asks for the identification of lawsuits initiated against
Ameriquest during the Relevant Time Period, which is public information. Interrogatories
12 and 13 seek information about Ameriquest's business practices for determining the

terms in Plaintiffs' transactions. We would be willing to discuss a modification to these Interrogatories to the extent that they ask for information about communications between Ameriquest and its attorneys. However, we must first receive your privilege log to effectively propose any modifications.

As you have raised this objection to almost all of our Discovery Requests, I will not begin to address each individual request here. However, I will note your use of blanket objections not only renders your responses insufficient, it also results in objections that are not at all relevant to the request. For example, Document Request 24 asks for "each document that records, reflects, evidences, or relates to any discussion of your business practices by a News Reporting Establishment." Clearly, any information relating to Ameriquest's business practices that has been reported on is public information and not subject to any privileges.

5.      *Time Period Other Than That Within Applicable Statute Of Limitations*

You have objected to Interrogatories 2-4, and 6-13 and virtually all of our Document Requests except 1-4, 6-7 and 9, on the grounds that they seek information for a time period other than that which is within the applicable statute of limitations.

Nothing in the Federal Rules of Civil Procedures imposes a limitation that requires a party to seek information solely for a time period which encompasses the statute of limitations for the claims raised in the complaint. Our definition of the Relevant Time Period as one which "begin[s] at the time that [Ameriquest] first began making mortgages secured by real estate in the Commonwealth of Massachusetts and shall continue up through the present," is appropriate as we are entitled to information which shows Ameriquest's regular business practices.

6.      *Vague And Ambiguous Terms*

You have objected to requests which include terms and/or phrases that you claim are not defined and are vague and ambiguous. These terms include: "any other person or entity, " "without limitation," "written information," "initial credit application," "determining the terms," "made," "most knowledgeable," and "marketing mortgage loans."

These terms and/or phrases should be given their ordinary meaning, which we believe is self-explanatory given the context in which the terms are used. *See, Roesberg v. Johns-Manville Corp.* 85 F.R.D. 292, 298 (D.C.Pa., 1980) ("Since plaintiffs have not assigned a particular meaning to these phrases [used in discovery requests], the ordinary, everyday usage and meaning must have been intended"). *In re Mahoney Hawkes, LLP,* 289 B.R. 285, 299 (Bankr.D.Mass 2002) (*noting* that the Supreme Court and First Circuit use the ordinary meaning of terms in interpreting the Bankruptcy Code).

*Ameriquest Discovery Response*
*June 23, 2005*
*p. 6 of 6*

To the extent that you have raised any other objections, it is our view that the objections lack merit.

In accordance with Local Rule 37.1(a) we are required to confer within seven (7) days of this letter to attempt to resolve these discovery disputes without the necessity of a motion. Please call me you receive this letter so that we can arrange a conference.

Sincerely,

Gary Klein

GK:sk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ISABELLE M. MURPHY, ) | |
| DAVID R. MURPHY, ) | |
| LYNN GAY, ) | |
| DAVID M. WAKEFIELD, and ) | |
| JANET WAKEFIELD ) | |
| ) | |
| **Individually and on behalf of all others** ) | |
| **Similarly situated** ) | |
| ) | |
| ) | C.A. No. 04-cv-12651RWZ |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERIQUEST MORTGAGE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

**Memorandum In Support Of Motion To Compel Responses To Requests For**
**Production Of Documents And Interrogatories, And To Make Witnesses Available**
**For Depositions**

**Introduction**

In this case, the Plaintiffs allege that Ameriquest used a pattern of deceit and misrepresentation to induce the Plaintiffs to enter into residential mortgage loans with unfair financial benefits to Ameriquest and hidden costs to the Plaintiffs.  In doing so, Ameriquest violated the Massachusetts consumer protection statute, G.L. c. 93A (hereinafter "c. 93A"), together with that law's implementing regulations, including 940 C.M.R. § 3.01 *et seq.,* 6.01 *et seq.* 8.01 *et seq.*, the federal Fair Credit Reporting Act, the Equal Credit Opportunity Act, and the common law. The Plaintiffs are seeking monetary,

declaratory and injunctive relief on behalf of themselves and a class of similarly situated borrowers. [1]

Pursuant to this Court's March 14, 2005 Scheduling Order, the Plaintiffs posed discovery aimed at the Defendant's lending practices, and issues of class certification.  In response, Ameriquest raised multiple, overlapping objections to nearly every request.

Ameriquest has thus far refused to provide discovery relating to several critical areas of inquiry:

- Ameriquest has refused to provide any discovery regarding borrowers other than the named Plaintiffs, even though the Court's scheduling order permits discovery as to class certification issues, and the law clearly allows Plaintiffs to conduct discovery for purposes of seeking class certification.

---

[1] The Plaintiffs brought this action behalf of themselves and three classes of all other persons similarly situated:

Class I (the "deceptive loan terms" class) consists of all residents of Massachusetts:
   a. who entered into non-purchase money mortgage loan agreements with Ameriquest, on or after November 2, 2000; and
   b. who were offered one set of terms in preliminary disclosures but received another rate at closing; and/or
   c. who paid fees itemized by Ameriquest as "loan discount fees."

Class II (the "Adverse Action" class) consists of all residents of Massachusetts:
   a. who, on or after November 2, 2002, submitted a completed credit application to Ameriquest for a home mortgage;
   b. who were offered one interest rate in preliminary disclosures but who received a higher rate at closing; and
   c. who were not issued a written notice of adverse action.

Class III (the "CCCDA Notice of Right to Cancel" class) consists of all residents of Massachusetts:
   a. who, on or after November 2, 2000, refinanced an Ameriquest non-purchase money mortgage loan with Ameriquest; and
   b. who received an incomplete or incorrect form of notice of right to cancel.

- Ameriquest has refused to produce most of the documents requested regarding its policies and practices, its employee training materials, and employee commissions paid in connection with loans.

The Plaintiffs allege that Ameriquest engaged in routine practices that included bait and switch tactics of offering borrowers certain loan terms, but then making the loans on less advantageous with little or no notice; promising early refinancing at better rates when questioned about the change in terms; encouraging costly refinancings; promising a discounted rate in exchange for the payment of "discount points," without actually providing a discount; and failing to accurately disclose key loan terms. Discovery as to policies, practices, trainings and compensation is necessary in order to establish these common practices, and that borrowers were treated similarly and were similarly affected.

Finally, the Plaintiffs noticed seven depositions of Ameriquest employees. Subsequently, Ameriquest's counsel informed Plaintiffs' counsel that he would not be able to produce the witnesses on the scheduled deposition dates due to conflicts. Ameriquest's counsel has since failed to provide alternative dates, despite several requests.

In compliance with the Local Rules, the Plaintiffs scheduled and held a discovery conference in an attempt to resolve or narrow the parties' differences. *See* Declaration of Gary Klein, ¶14. Prior to the conference, Plaintiffs' counsel sent counsel for Ameriquest a detailed letter explaining their position on discovery and their responses to Ameriquest's objections. The discovery conference was adjourned or continued on several occasions by request of Defendant's counsel to allow him an opportunity to consult with his client. Klein Declaration at ¶¶8-11, 20. Despite ample opportunity and

time, Ameriquest never provided anything that would help narrow the unresolved issues. Klein Declaration at ¶¶23-24.

The disputed discovery is set forth below.  Because Ameriquest has raised identical objections to many requests, the Plaintiffs have grouped overlapping objections and responses together, in an effort to reduce unnecessary repetition.

### Legal Standards

The Plaintiffs are entitled to discovery as to ''any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits.'' *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It is the defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Elgin FCUv. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981); *US v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975). Boilerplate objections are insufficient. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593–94(W.D.N.Y. 1966) (blanket objections are insufficient). Denying a party discovery as to issues in the case prejudices the plaintiff's ability to prosecute. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980); *Matter*

*of Rassi*, 701 F.2d 627, 631 (7th Cir. 1983); *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (abuse to fail to adhere to the liberal spirit of the rules).

**Specific Objections**

### A.     Interrogatories 1 - 5

In Interrogatories 1 – 5, the Plaintiffs sought information regarding the identity of class members:

> Interrogatory No. 1.   Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period and provide the date of the loan.

> Interrogatory No. 2.   Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period who paid a fee denominated by the Defendant as "Discount Points" and state the dollar amount of said fee and the number of points paid.

> Interrogatory No. 3.   Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period whose loan includes a provision for a variable rate that can increase but cannot decrease from the interest rate in effect on the date of the transaction.

> Interrogatory No. 4.   Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period who did not receive a loan on the terms reflected in the initial credit application.

> Interrogatory No. 5.   Identify all persons who obtained a mortgage loan from Defendant in Massachusetts during the Relevant Time Period and then refinanced said mortgage loan with a new loan from Ameriquest.

### *1.     Objection To Providing Information Regarding Putative Class Members.*

Ameriquest objected to Interrogatories 1-5 to the extent that they "seek to discover information pertaining to individual putative class members other than the named plaintiffs, or information concerning the concerning the merits of the putative action (as opposed to the named plaintiffs' individual claims) or concerning whether a

class should be certified in the first instance." Ameriquest provided responses to Interrogatories 1–5 as to the named plaintiffs only.

In the Joint Statement for Scheduling Conference dated March 2, 2005, now embodied in the court's March 14, 2005 Scheduling Order, the parties agreed that discovery will be conducted in two phases. Phase I, "should be directed to the issue of class certification and the merits of the named Plaintiffs' individual claims…so that the Court may determine as soon as practicable whether this action meets the standards under Rule 23 of the Federal Rules of Civil Procedure for class action treatment." (March 2, 2005 Joint Statement, p. 3). The court's Scheduling Order sets a deadline for October 31, 2005 for the completion of all discovery pertaining to class certification. (March 14, 2005 Scheduling Order, p. 1). At the request of the parties, that order has been extended so that the applicable class discovery deadline is now January 16, 2006.

Plaintiffs are entitled to discover information as to the identity and number of putative class members.  Each of these elements is pertinent to class certification under Rule 23.  *See Rodriguez v. Banco Central,* 102 F.R.D. 897, 903 (D.C.Puerto Rico, 1984) (discovery must be procured in order to determine whether the action may proceed as a class action); *Bessette v. Avco Financial Services, Inc.*, 279 B.R. 442, 452  (D.R.I. 2002) (allowing discovery to proceed before court determines certification); *Yaffe v. Powers,* 454 F.2d 1362 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23"); *Pittman v. E.I. duPont de Nemours & Co.,* 552 F.2d 149 (5th Cir. 1977) (discovery is essential in order to determine the class action issue and the

proper scope of the class action, and plaintiff is entitled to some leeway in attempting to define the proper parameters of his proposed class).

In Interrogatories 1-5, the Plaintiffs are seeking information that is relevant to the identity of class members and the size of the putative class. Size of the class is an essential factor in determining numerosity under Fed. R. Civ. P. 23(a)(1). These Interrogatories also seek information relating to whether putative class members share common facts and claims and whether Plaintiffs' claims are typical to those of the putative class as required by Fed. R. Civ. P. 23(a)(2) and (3).

### 2.    *Objections Based on a Claim of Confidentiality.*

Ameriquest also objected to Interrogatories 1-5 on the grounds that they seek the "disclosure of confidential and proprietary business and financial information of Ameriquest" and "confidential private information concerning Ameriquest borrowers which may be protected by federal and state privacy laws." The parties have already stipulated, however, to a confidentiality order which was entered by this Court on July 15, 2005. The terms of this order protect against the disclosure of confidential and proprietary information.

As to confidential information about borrowers, Ameriquest is presumably referring to the Gramm-Leach Bliley Act, which prevents financial institutions from disclosing certain types of non-public information to third parties. The Act, however, contains exceptions for "judicial process," compliance with Federal rules and "other applicable legal requirements." 15 U.S.C. § 6802(e)(8). Courts have found this exception more than sufficient to permit discovery of names and addresses of class members to go forward in litigation. *E.g.; Choate v. State Farm Lloyds*, 2005 WL 1109432, *4

(N.D.Tex. May 05, 2005); *Marks v. Global Mortgage Group, Inc*. 218 F.R.D. 492

(S.D.W.Va. 2003).  Plainly, the law was never intended to shield financial institutions

from legitimate legal claims raised in a class action.  *Martino v. Barnett*, 595 S.E.2d 65,

72 (W.Va. Sup.Ct. 2004).

Second, the personal information about other borrowers being requested here is

not "non-public" information.  Ameriquest's mortgage borrowers are a matter of public

record, because their mortgages are recorded with the appropriate registry of deeds.

These public records include the borrowers name, address, and the amount of the

mortgage.

### 3. *Objection Based on Undue Burden.*

Ameriquest further objected to Interrogatories No. 2 - 5 on the grounds that they

"improperly call[] for an examination of the specific circumstances of each individual loan

transaction for each borrower in Massachusetts for whom Ameriquest has ever originated a

loan."

Essentially, Ameriquest is arguing that the request is unduly burdensome. Data

regarding borrowers who were charged "Discount Points," as requested in Interrogatory

2, for example, or who were charged a variable rate that could increase but not decrease

from the initial rate, as requested in Interrogatory No. 3, is presumably contained within

Ameriquest's electronic files, and would therefore be readily available.  Such information

is relevant both to the substantive claims and to class certification issues such as

numerosity and commonality (i.e. to what extent Plaintiffs' experience is similar to other

customers). *See* Fed.R.Civ.P. 23(a)(2). If the requested information is not contained in

readily accessible electronic records, the Plaintiffs have offered to discuss a modification

to these requests to obtain necessary information without imposing an undue burden on

the Defendant. See, Letter of June 23, 2005, attached to Klein Declaration as Exhibit C.

In addition, an interrogatory is not objectionable simply because it seeks

information which requires research and compilation of data. *Hall v. Harleysville Ins.*

*Co.*, 164 F.R.D. 406 (E.D. Pa. 1996); *Naglak v. Pennsylvania State University*, 133

F.R.D. 18 (M.D.Pa. 1990); *American Oil Company v. Pennsylvania Petroleum Products*

*Company,* 23 F.R.D. 680, 683 (D. R.I. 1959). A party asserting such an objection must

show specifically how, "despite the broad and liberal construction afforded the federal

discovery rules, each interrogatory is not relevant or how each question is overly broad,

burdensome or oppressive, by submitting affidavits or offering evidence revealing the

nature of the burden." *Roesberg v. Johns-Manville Corp.* 85 F.R.D. 292, 296-97

(D.C.Pa., 1980), *citations omitted*. A burdensomeness objection "must show specifically

how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits

or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems*

*v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984). "[T]he mere statement

by a party that [an] interrogatory was overly broad, burdensome, oppressive and

irrelevant is not adequate to voice a successful objection to an interrogatory." *Josephs v.*

*Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester*, 166

F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules).

Moreover, if "interrogatories are relevant, the fact that they involve work, research and

expense is not sufficient to render them objectionable. *U.S. v. Nysco Laboratories, Inc.*

26 F.R.D. 159, 161-62 (E.D.N.Y., 1960).

Ameriquest has not offered any explanation as to why this request would cause an undue burden. Its failure to articulate the basis for this objection is sufficient reason to reject it, particularly where the information requested is so highly relevant.

**B.      Interrogatories 6-9**

In Interrogatories 6-9[2], the Plaintiffs sought information regarding employees of Ameriquest with knowledge of Ameriquest's lending practices at issue in this case:

> Interrogatory No. 6.   Identify the three employees of Defendant with the most knowledge of the policies, criteria and guidelines that Defendant used in determining the terms (including but not limited to the interest rate and prepaid finance charge, discount points, origination fees, variable rates and underwriting criteria) of mortgage loans that Defendant made in Massachusetts during the Relevant Time Period.

> Interrogatory No. 7.   Identify the three employees of Defendant with the most knowledge of the policies, criteria and guidelines that Defendant used in marketing mortgage loans that Defendant made in Massachusetts during the Relevant Time Period.

> Interrogatory No. 8.   Identify the three employees of Defendant with the most knowledge of the databases used to record information about mortgage loans that Defendant made in Massachusetts during the Relevant Time Period.

> Interrogatory No. 9.   Identify the three employees of Defendant with the most knowledge of employee training programs covering mortgage lending issues utilized by the Defendant during the Relevant Time Period.

> Interrogatory No. 9A.   Identify the three employees of Defendant with the most knowledge of Defendant's policies, criteria and guidelines for complying with state or federal Truth-in-Lending laws.

**1.      *Objection To Providing Information Regarding Putative Class Members.***

Ameriquest initially objected to Interrogatories 6-9A on the grounds that they seek "information pertaining to individual putative class members other than the named

---

[2] Plaintiffs inadvertently included two interrogatories numbered 9. The second Interrogatory No. 9 shall be referred to as 9A.

plaintiffs or information concerning the merits of the putative action) (as opposed to the plaintiffs' individual claims) or concerning whether a class should be certified in the first instance." During the discovery conference Ameriquest's counsel stated that Ameriquest did not object generally to providing information relevant to class certification, and that the Plaintiffs could obtain the names of the appropriate employees by noticing and taking a Rule 30(b)(6) deposition.

Responses to these interrogatories are needed to identify potential deponents who have information regarding both the claims of the named Plaintiffs as well as whether putative class members were treated similarly to the Plaintiffs.  This information is relevant to the issue of whether putative class members share common facts and claims and whether Plaintiffs' claims are typical to those of the putative class as required by Fed. R. Civ. P. 23(a)(2) and (3). *See also* cases cited in Section A1, *supra*.  Obviously the identity of employees knowledgeable about the issues raised is known to Ameriquest, and can be easily provided.  Ameriquest has offered no valid reason why it should not simply respond to these requests, rather than requiring the Plaintiffs to take a deposition to learn the employee's names. Moreover, the Plaintiffs have already attempted to take depositions, but Ameriquest has not cooperated in making the requested witnesses available.

### 2.   *Other Objections.*

Ameriquest further objected to these interrogatories on the grounds that they are "overly broad, unduly burdensome, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence," that they call for "disclosure of confidential and proprietary business and financial information of Ameriquest." These

objections are addressed in Sections A2 and A3, respectively, as should be overruled for the same reasons set forth in those sections.

Ameriquest also objected to Interrogatories No. 6 and 7 on the grounds that they "improperly call[] for an examination of the specific circumstances of each individual loan transaction for each borrower in Massachusetts for whom Ameriquest has ever originated a loan."  This objection, which is essentially a claim of undue burden, is addressed generally in Section A3, *supra.* The objection is even less valid in response to these interrogatories asking for the names of employees knowledgeable about policies and criteria used in setting loan terms. Presumably Ameriquest had standard policies in effect and did not set loan terms on a completely *ad hoc* basis. It is hard to imagine that there are not particular employees familiar with these policies, and that Ameriquest cannot identify them without looking through each loan file.

### C.    Interrogatories 11 - 13

Interrogatory 11 asks for lawsuits filed against Ameriquest; Interrogatories 12 and 13 seek information about Ameriquest's business practices for determining the terms of Plaintiffs' loan transactions, and the identity of employees familiar with these practices:

> Interrogatory No. 11.  Identify every lawsuit initiated against Defendant during the Relevant Time Period in any state or federal (including bankruptcy) court in the United States in which a claim or claims have been raised based on Defendant violating any state or federal law.

> Interrogatory No. 12. Describe the policies, criteria, and underwriting guidelines Defendant used in determining the terms (including but not limited to the interest rate and prepaid finance charge, discount points, origination fees, variable rates and prepayment penalties) of Plaintiffs' Transactions with Defendant.

Interrogatory No. 13. Identify all persons who implemented the policies, criteria and underwriting guidelines Defendant used in determining the terms (including but not limited to the interest rate and prepaid finance charge, discount points, origination fees, variable rates) in Plaintiffs' Transactions with Defendant

### 1. *Objection Based on Attorney Work Product or Attorney Client Privilege.*

Ameriquest objected to Interrogatories Nos. 11–13 on the grounds that each "seeks information that may be protected by the attorney work product doctrine, and/or the attorney client privilege." In Interrogatory No. 11, the Plaintiffs have only requested that Ameriquest identify lawsuits. Lawsuits are a matter of public record and therefore cannot conceivably be protected by attorney work product or attorney client privilege. Interrogatories 12 and 13 seek information about Ameriquest's business practices for determining the terms in Plaintiffs' transactions, which practices are at the core of Plaintiffs complaint. These requests do not seek information about communications between Ameriquest and its attorneys. For the same reasons discussed in Section D2, these objections should be overruled.

### 2. *Objections Based on Characterization of "Policies, Criteria, and Underwriting Guidelines" as Determining the Terms of Plaintiffs' Loans.*

Ameriquest objected to Interrogatories 12 and 13 on the grounds that they "characterize[s] Ameriquest's 'policies, criteria, and underwriting guidelines' as determining the terms of plaintiffs' loans." This objection is simply baffling. The Plaintiffs are seeking information about how their loan terms were determined. While Ameriquest did provide a set of general underwriting guidelines, these do not explain in any detail how loan terms, including interest rates are determined. It is inconceivable that Ameriquest can operate as a mortgage lending business without having some policies or

guidelines for setting interest rates or other loan terms, despite their apparent claim that they have none.

### 3.    Other Objections.

Ameriquest also objected to these interrogatories on the grounds that they are "overly broad, unduly burdensome, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence," that they call for "disclosure of confidential and proprietary business and financial information of Ameriquest." For the same reasons discussed in Sections A2 and A3, these objections should be overruled.

### D.    Document Requests Nos. 2, 5, 10

These document requests seek information regarding payments of fees or commissions made to Ameriquest employees and others, in connection with the closing of the Plaintiffs' loans:

> Document Request No. 2. Each document that records, reflects, evidences, or relates to payment, fees, commissions, compensation or other remuneration Defendant paid to any person in connection with Plaintiffs' Transactions (including but not limited to cancelled checks that were issued at or after the loan closing).

> Document Request No. 5. Each document that records, reflects, evidences, or relates to any consideration (i.e., money, payment, compensation, fee, charge or any thing of value) paid to an employee in connection with or based on Plaintiffs' transactions.

> Document Request No. 10. Each document Defendant received from or provided to any employee that shows the basis on which Defendant paid commissions to its employees for closing loans or otherwise generating business in Massachusetts.

### 1.    Objections Based on Claim of Confidentiality

Ameriquest objected to these requests, on the grounds, *inter alia*, that the request calls for "disclosure of confidential and proprietary business and financial information of

Ameriquest"; and that the request for information pertaining to employee compensation "calls for confidential private information concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws."

There can be no dispute that the Plaintiffs are entitled to information regarding payments made from their loan proceeds, as these are the Plaintiffs' own funds.[3] To the extent that the payments were not from the loan proceeds, the information is relevant to the issue of whether Ameriquest employees, or other persons involved in the closing were paid fees or commissions and whether these payments affected the loan terms.

To the extent that the requests include any confidential and proprietary business information, or employee privacy rights, the parties have already subject to a confidentiality order which would protect against the disclosure of this information. Notably, the Plaintiffs are not seeking the total annual compensation to particular employees but rather are seeking only the basis for their compensation.

### 2. *Objection Based on Attorney Work Product or Attorney Client Privilege.*

Ameriquest additionally objected on the grounds that these requests seek "information that may be protected by the attorney work product doctrine, and/or the attorney client privilege." The attorney work product objection here is baseless; the documents requested (copies of cancelled checks, etc.) were not prepared in anticipation of litigation, but rather for purposes of closing the Plaintiffs' loans. *See, In re San Juan Dupont Plaza Hotel Fire Litigation,* 859 F.2d 1007, 1014 (1st Cir. 1988) (work product protects materials prepared with "an eye towards litigation"); Rule 26(b)(3).

---

[3] Ameriquest has provided some cancelled checks in connection with the Plaintiffs' settlements, but is apparently relying on its objections in declining to produce the rest.

With regard to Ameriquest's claim of attorney/client privilege, Ameriquest has failed to comply with the requirements of Rule 26(a)(5) for asserting a claim of privilege. Rule 26(a)(5) provides:

(5) Claims of Privilege or Protection of Trial Preparation Materials.

When a party withholds information otherwise discoverable under these rules by  claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and  shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information  itself privileged or protected, will enable other parties to assess  the applicability of the privilege or protection.

Ameriquest did not describe the nature of the documents in any way, nor did it produce a privilege log, and it is therefore impossible to assess the applicability of the privilege.  For this reason alone the objection should be overruled.

### 3.  Objection To Providing Information Regarding Putative Class Members.

Ameriquest further objects to Document Request No. 10, on the grounds that it "seeks to discover information pertaining to individual putative class members other than the named plaintiffs, or information concerning the concerning the merits of the putative action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance."  This information is directly  relevant to the issue of Ameriquest's regular practices regarding paying commissions in connection with loan closings, and whether  putative class members were treated similarly to the Plaintiffs.  This information is relevant to the issue of whether putative class members share common facts and claims and whether Plaintiffs' claims are typical to those of the putative class as required by Fed. R. Civ. P. 23(a)(2) and (3).  This type of information is subject to discovery for the reasons set forth in Section A1.

### E.  Document Request No. 9

 This request seeks information regarding the rate discount allegedly given to the

Plaintiffs in their loan transactions:

> Document Request No. 9.  Each document the Defendant contends supports its
> position that a rate discount was provided to the Plaintiffs in their Transactions.

#### 1. Objection Based On Claim That Request Is A Contention Request.

Ameriquest objected to this request on the grounds, *inter alia*, that "Fed.R.Civ.P.

34 does not contemplate contention requests for documents. Moreover, Ameriquest

objects to the characterization that Ameriquest has set forth the contention described in

Request No. 9."  Ameriquest misunderstands the request.  The Plaintiffs are not seeking

the basis for any contention made by Ameriquest in its pleadings. Rather, the Plaintiffs

are asking for documents which show that the Plaintiffs were given an interest rate

discount connected with their payment of "discount points."

#### 2. Other Objections.

Ameriquest further objected to this request on the grounds that it is "overly broad,

unduly burdensome, vague and ambiguous, irrelevant, and not reasonably calculated to

lead to the discovery of admissible evidence," that it calls for "disclosure of confidential

and proprietary business and financial information of Ameriquest," and that it "may be

protected by the attorney work product doctrine, and/or attorney client privilege." These

objections are addressed in Sections A3, A2, and C2 respectively, and should be rejected

for the same reasons set forth there.

**F.    Document Requests Nos. 8, 11-17, and 19-35.**

These document requests seek information regarding Ameriquest's lending

practices in Massachusetts, including underwriting practices, interest rates and loan terms

offered, loan closing practices, policy and procedures manuals, and employee training

materials:

>     Document Request No. 8. Each document that records, reflects, evidences or relates to Defendant's policy or practice during the Relevant Time Period of charging discount points to borrowers including, without limitation, rate sheets or other written information used by Defendant's employees to calculate rates and/or rate discounts.

>     Document Request No. 10. Each document Defendant received from or provided to any employee that shows the basis on which Defendant paid commissions to its employees for closing loans or otherwise generating business in Massachusetts.

>     Document Request No. 11. Each document Defendant received from or provided to any employee that shows any quota applicable to closing loans or otherwise generating business in Massachusetts.

>     Document Request No. 12. Each document used by Defendant as a form, guideline, or template for providing information to Massachusetts-based borrowers.

>     Document Request No. 13. Each document used by Defendant as a form, guideline, or template for receiving information from Massachusetts-based borrowers.

>     Document Request No. 14. Each document provided or issued to any employee or third party that contains instructions for underwriting loans in Massachusetts.

>     Document Request No. 15. Each document provided or issued to any employee or third party that contain instructions for closing loans in Massachusetts.

>     Document Request No. 16. Each document provided or issued to any employee or third party that contains instructions for distributing funds on loans closed in Massachusetts.

Document Request No. 17. Each document provided or issued to any employee or third party that contains instructions for charging points, closing costs or settlement fees on loans closed in Massachusetts.

Document Request No. 19. Each document that records, reflects, evidences, or relates to any policy, criteria, or underwriting guidelines that Defendant used during the Relevant Time Period in determining the terms offered to persons who made applications for loans.

Document Request No. 20. Each document that records, reflects, evidences, or relates to any policy that Defendant used during the Relevant Time Period in determining the scope or nature of the right of rescission under the state or federal Truth-in Lending Act.

Document Request No. 21. Each document (including, but not limited to, agreements, contracts, underwriting guidelines, rate sheets and pricing sheets) that records, reflects, evidences, or relates to any terms and conditions governing loans made in Massachusetts during the relevant time period.

Document Request No. 22. Each document that you received from or provided to any state or federal government official or agency relating to your compliance or alleged or possible noncompliance with state or federal law during the Relevant Time Period.

Document Request No. 23. Each document that records, reflects, evidences, or relates to any investigation conducted by any federal government official or agency to determine whether you had complied or were complying with state or federal law during the Relevant Time Period.

Document Request No. 24. Each document that records, reflects, evidences, or relates to any discussion of your business practices by a News Reporting Establishment.

Document Request No. 25. Copies of all of Defendant's data archive tapes backing up its database for mortgage loans (or any other database that includes the information listed in the subparts below) that were either made in Massachusetts during the Relevant Time Period or which cover Massachusetts accounts that were active during the Relevant Time Period. The tapes must include the following information, to the extent that it is stored electronically:

    a.  the primary borrower's name and address;
    b.  the co-borrower's name and  address;
    c.  the loan number;
    d.  the source of the application and the terms on which the borrower applied for credit;
    e.  the credit score and credit tier assigned to the borrowers including any exception codes;

f.  the loan program applicable to the account;
g.  the individual terms applicable to the account, both at the start of the contract, and during the life of the loan including, without limitation, the number or amount of any points paid, the amount of any discount to the rate, the term of the loan, the "contract APR", the amount of finance charges, the amount financed, the amount of the monthly payment, the number of months the loan is to be paid, and the date of the first payment;
h.  the amount of Commissions paid to any employee;
i.  whether the loan was an initial advance by Ameriquest or the refinancing of an earlier Ameriquest loan;
j.  documents sufficient to identify the data fields in the electronic data tapes and their contents, along with their order in data tape, including without limitation, all documents explaining the abbreviations used for the data fields.

Document Request No. 26. For 250 randomly selected mortgage loans made in Massachusetts during the relevant time period, copies of the Truth in Lending disclosures, the note, the mortgage, notices of right to cancel, the settlement sheet, disclosure statements, notice of adverse action, and any other documents you contend were provided to the borrowers in said loans at the time of loan closing.

Document Request No. 27. Each document concerning any variable rate program offered by the Defendant during the Relevant Time Period.

Document Request No. 28. Each document concerning any program, process or underwriting guideline the Defendant uses to assign rates to borrowers based on their credit characteristics or credit score.

Document Request No. 29. Each document concerning any policy, program, or practice with respect to marketing of Ameriquest loans to its existing customers.

Document Request No. 30. Each document, video tape or computer program used by the Defendant to train its Massachusetts-based on employees on their responsibilities in connection with mortgage loans made in Massachusetts.

Document Request No. 31. Each document, video tape or computer program used by the Defendant to train its employees in connection with marketing of Ameriquest loans to its existing customers.

Document Request No. 32. All policy and procedure manuals or other compilations used to administer Defendant's mortgage lending program.

Document Request No. 33. All advertisements, flyers or promotional materials used to market Defendant's mortgage lending program in Massachusetts.

Document Request No. 34. All training materials that any of your employees have received from any source concerning compliance with state or federal law during the Relevant Time Period.

Document Request No. 35. All documents identifying or discussing the types of data relating to Defendant's residential mortgage loan business stored, recorded, or maintained by Defendant in any electronic or computer databases.

### 1. Objection To Providing Information Regarding Putative Class Members.

Ameriquest objected to each of these requests on the grounds that they seek "to discover information pertaining to individual putative class members other than the named plaintiffs, or information concerning the concerning the merits of the putative action (as opposed to the named plaintiffs' individual claims) or concerning whether a class should be certified in the first instance." This objection is addressed *supra* at Section A1. The Plaintiffs are entitled to this information because it is relevant both to the claims of the named Plaintiffs as well as to the issue of whether putative class members were treated similarly to the Plaintiffs. This information is relevant to the issue of whether putative class members share common facts and claims and whether Plaintiffs' claims are typical to those of the putative class as required by Fed. R. Civ. P. 23(a)(2) and (3).

### 2. Objection Based on Undue Burden.

Ameriquest also objected to these requests on the grounds that the requests are "overly broad, unduly burdensome, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." For the same reasons set forth in Section A3, *supra,* this objection should be overruled. Each of the document

requests is directly relevant to the claims alleged in Plaintiffs' original and First Amended Complaints. Document Request 8, for example, asks for documents relating to Ameriquest's policy or practice of charging discount points to borrowers, which is one of several loan terms that Plaintiffs' allege Ameriquest failed to fully disclose. (Amended Complaint, ¶¶154, 155). Part of the class definition for the "deceptive loan terms" class (Class I) is all residents of Massachusetts "that paid fees itemized by Ameriquest as "loan discount fees." Thus, this request is relevant both to the merits of the named Plaintiffs' claims as well as to issues pertaining to class certification.  Ameriquest has provided no explanation as to the undue burden producing these documents would allegedly cause.

### *3.  Objections Based on Claim of Confidentiality.*

Ameriquest objected to each of these Document Requests on the grounds that they seek "the disclosure of confidential and proprietary business and financial information of Ameriquest." As discussed in Section A2, *supra,* the Confidentiality Order will protect disclosure of any confidential information in this case.

Ameriquest objected to Document Requests 22, 23, and 24, documents received from government agencies, investigations by government agencies, and news reports, "to the extent that [they] call[] for confidential private information concerning Ameriquest employees and implicate[] employee privacy rights that may be protected by federal and state privacy laws."  The Confidentiality Order already in place would also protect this information.

Ameriquest also objected to Document requests 25, 26, and 28 "to the extent that [they] seek[] the disclosure of private borrower information that is protected by federal and state privacy laws."  For all of the same reasons discussed supra in Section A2, this

information is discoverable under the exception in Gramm Leach Bliley for judicial process and other applicable legal requirements.

### 4.    *Objections Based on Attorney Work Product or Attorney Client Privilege.*

Ameriquest also raised attorney-client and/or work product privilege as an objection to every on of these Document Requests. As above, the work product privilege protects only documents prepared for litigation, which none of the requested documents are.  *See*, Section D2, *supra*. And again, because Ameriquest has never produced a privilege log there is no way for Plaintiffs to evaluate its claim of attorney client privilege.

### 5.    *Failure to Produce Documents in Accordance with Responses.*

Finally, in response to Document Requests Nos. 30 and 34, Ameriquest agreed to produce its training materials in connection with Massachusetts loans during the statute of limitations applicable to this action.  As of this date, Ameriquest has not produced any these training materials.

### G.    **General Objections**

### 1.  *Statute Of Limitations*

Ameriquest objected to Interrogatories 2-4, and 6-13 and virtually all of Document Requests except 1-4, 6-7 and 9, on the grounds, *inter alia*, that they seek information for a time period other than that which is within the applicable statute of limitations.

Nothing in the Federal Rules of Civil Procedures imposes a limitation that requires a party to seek information solely for a time period which encompasses the statute of limitations for the claims raised in the complaint. The definition of the Relevant

Time Period contained in the discovery requests, as one which "begin[s] at the time that [Ameriquest] first began making mortgages secured by real estate in the Commonwealth of Massachusetts and shall continue up through the present," is appropriate as the Plaintiffs are entitled to information which shows Ameriquest's regular business practices.[4]

### 2. Vague And Ambiguous Terms

Ameriquest objected to requests which include terms and/or phrases that it claimed are not defined and are vague and ambiguous. These terms include: "any other person or entity, " [Request No. 4], "without limitation," [Request No. 8], "written information," [Request No. 8], "initial credit application," [Interrogatory No. 4], "determining the terms," [Interrogatories Nos. 6, 12, 13], "made," [Interrogatories Nos. 6, 7], "most knowledgeable," [Interrogatories Nos. 6, 7, 8, 9, 9A], "marketing mortgage loans," [Interrogatory No. 7], "used to record information," [Interrogatory No. 8], "circumstances of," [Interrogatory No. 10], "implemented," [Interrogatory No. 13], and "programs covering mortgage lending issues utilized by," [Interrogatory No. 9].

These terms and/or phrases should be given their ordinary meaning, which is self-explanatory given the context in which the terms are used. *See, Roesberg v. Johns-Manville Corp.* 85 F.R.D. 292, 298 (D.C.Pa., 1980) ("Since plaintiffs have not assigned a particular meaning to these phrases [used in discovery requests], the ordinary, everyday usage and meaning must have been intended"). *In re Mahoney Hawkes, LLP,* 289 B.R. 285, 299 (Bankr.D.Mass 2002) (*noting* that the Supreme Court and First Circuit use the ordinary meaning of terms in interpreting the Bankruptcy Code).

---

[4] Plaintiffs believe that Ameriquest has been doing business in Massachusetts for less than 10 years.

### 3. Objections on Grounds that Requests Seek Documents Not in Defendant's Possession or Control.

Ameriquest objects generally to all of Plaintiffs' document requests, and particularly to Requests Nos. 1–3, "to the extent that they seek the identification of documents that are not in the possession, custody, or control of Ameriquest."  In their requests, however, the Plaintiffs make clear that they are only seeking documents within the possession, custody, and control of Ameriquest. *See* Definition No. 4, "Document." In its responses, Ameriquest never identifies which requested documents may not be in its possession, custody, or control, and Ameriquest makes multiple objections along with this objection. Thus, it is impossible for the Plaintiffs to know whether Ameriquest does not have the requested documents, they do not exist, or Ameriquest has them and is objecting to producing them.  Without more information, it is impossible for Plaintiffs to respond.

### Failure to Make Witnesses Available for Depositions

On September 2, 2005, the Plaintiffs served seven notices of deposition for Ameriquest employees and pursuant to Fed. R. Civ. P. 30(b)(6).  Klein Declaration at ¶13. The depositions were scheduled for September 28-30. Klein Declaration at ¶13. At the September 20, 2005 discovery conference, Defendant's counsel first informed Plaintiffs that the witnesses could not be produced for deposition on the scheduled dates due to scheduling conflicts, but agreed to provide dates on which the noticed depositions could be held. Klein Declaration at ¶¶16, 18.

Based on this agreement, Plaintiffs agreed to reschedule the depositions for dates convenient to the Defendant and its counsel. Klein Declaration at ¶19. The September 20, 2005 discovery conference was continued to October 12, 2005. Klein Declaration at ¶22.

On October 12, 2005, Defendant's counsel asked to continue the discovery conference until October 26, 2005 based on his inability to confer with his client on discovery issues. Klein Declaration at ¶22. Plaintiffs agreed as an accommodation to Defendant's counsel and in light of a further agreement to jointly pursue a motion to extend the discovery period. Klein Declaration at ¶22.

On October 26, 2005, Defendant's counsel agreed to provide dates for depositions, as well as additional discovery, no later than October 31, 2005. Klein Declaration at ¶23. Defendant's counsel did not provide any dates for depositions or responses on or before October 31, 2005. Klein Declaration at ¶24.

Ameriquest has never asserted any reason why the Plaintiffs should not be allowed to depose the Ameriquest employees listed in the deposition notices, nor could there be any. Ameriquest has simply failed to make the witnesses available.

### Conclusion

For all of the foregoing reasons, Ameriquest's objections should be overruled and Plaintiff's Motion to Compel should be granted as to all of Plaintiff's requests.

Respectfully Submitted,
Isabelle and David Murphy et. al.
By their attorneys,


 /s/ Gary Klein
Gary Klein BBO # 560769
John Roddy BBO # 424240
Elizabeth Ryan BBO # 549632
Shennan Kavanagh BBO # 655174
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd floor
Boston, MA  02111
Tel. 617-357-5500 x 15
Fax. 617-357-5030

Dated: December 2, 2005              klein@roddykleinryan.com