

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS                                                            312-435-5698

December 21, 2005

Sarah Allison Thornton, Clerk of Court
Federal Courthouse
1 Courthouse Way, Suite 2300
Boston MA 02210

Re: MDL 1715 -- In re: "Ameriquest Mortgage Co. Mortgage Lending Practices Litigation"
       Your case number:    1:04-12651 Isabelle M. Murphy v Ameriquest Mortgage Co., C.A.

       Our case number:    05 cv 7101 - Northern District of Illinois

Dear Clerk:

Enclosed is a certified copy of the Conditional Transfer Order from the Judicial Panel on Multidistrict Litigation (MDL Panel) transferring the above-entitled action to the Northern District of Illinois, Eastern Division, where it has been directly assigned to Marvin E. Aspen.

Please forward your court file, a certified copy of the docket sheet and the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

                                                   Sincerely,

                                                   Michael W. Dobbins
                                                   Clerk

                                          by:    *Anita Baugard*
                                                   Anita Baugard
                                                   Director of Docketing

Enclosure




**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS
312-435-5698

December 21, 2005

Sarah Allison Thornton, Clerk of Court
Federal Courthouse
1 Courthouse Way, Suite 2300
Boston MA 02210

Re: MDL 1715 -- In re: "Ameriquest Mortgage Co. Mortgage Lending Practices Litigation"
    Your case number:    1:04-12651 Isabelle M. Murphy v Ameriquest Mortgage Co., C.A.

Our case number:    05 cv 7101 - Northern District of Illinois

Dear Clerk:

Enclosed is a certified copy of the Conditional Transfer Order from the Judicial Panel on Multidistrict Litigation (MDL Panel) transferring the above-entitled action to the Northern District of Illinois, Eastern Division, where it has been directly assigned to **Marvin E. Aspen**.

Please forward your court file, a certified copy of the docket sheet and the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by: _____
Anita Baugard
Director of Docketing

Enclosure

A CERTIFIED TRUE COPY

DEC 13 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**
DEC 14 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT
RELEASED FOR PUBLICATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 13 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1715*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation currently consists of one action each in the Central District of California, Northern District of California, Middle District of Florida, District of Massachusetts and Southern District of New York as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the Southern District of New York action for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. No plaintiff opposes the motion. Plaintiff in the Central District of California action initially opposed, but now supports, the motion for transfer to that district, along with plaintiffs in a potential tag-along action pending there.[2] Plaintiffs in the Northern District of California action support the motion; if the Panel does not order centralization in the Central District of California, these plaintiffs support transfer to any centrally located district with the resources to handle this litigation. Defendants Ameriquest Mortgage Co., Ameriquest Capital Corp. and Argent Mortgage Co. (collectively Ameriquest) oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage

---

[1] Four additional actions are pending two apiece in the Central District of California and Northern District of Illinois, and one related action each is in the Middle District of Florida and District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in one Northern District of Illinois related action initially opposed the motion as well, but withdrew their response because moving plaintiffs submitted a pleading expressly stating that they do not seek transfer of that action.

- 2 -

transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity, or even majority, of common factual issues as a prerequisite to transfer and has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on common issues. *See, e.g., In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp. 2d 1371 (J.P.M.L. 2005). Indeed, the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage this litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions.

As suggested by the moving plaintiffs, the Panel initially considered transferring this litigation to the Central District of California; however, the judge assigned to the constituent action pending in that district expressed reluctance in light of her current caseload. The Panel has thus determined that the Northern District of Illinois is an appropriate transferee district for this litigation. Two actions involving the lending practices of Ameriquest are pending in this district. Also, this geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By A. Bauzard
DY
U. S. DIST. CT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 12-21-05

## SCHEDULE A

<u>MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation</u>

<u>Central District of California</u>

*Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp., et al.*, C.A. No. 2:04-9715

<u>Northern District of California</u>

*Nona Knox, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 3:05-240

<u>Middle District of Florida</u>

*Latonya Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 8:05-1036

<u>District of Massachusetts</u>

*Isabelle M. Murphy, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:04-12651

<u>Southern District of New York</u>

*Cheryl Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:05-6189